UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:16-CV-20027

FLOR ANDREA RODRIGUEZ ASALDE,       )
JOHN CONDE, JAVIER ANTONIO          )
CABRERA SAVINOVICH, BRANDON         )
ANTHONY GOMEZ, and all others similarly )
situated under 29 U.S.C. 216(b),    )
                                    )
                                    )
            Plaintiff,              )
       vs.                          )
                                    )
                                    )
FIRST CLASS PARKING SYSTEMS LLC     )
a/k/a 1ST CLASS VALET SERVICE,      )
SEBASTIAN LOPEZ,                    )
JORGE ZULUAGA,                      )
                                    )
            Defendants.             )
_____ )

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME AND MINIMUM WAGE VIOLATIONS

Plaintiffs, FLOR ANDREA RODRIGUEZ ASALDE, JOHN CONDE, JAVIER ANTONIO CABRERA SAVINOVICH, and BRANDON ANTHONY GOMEZ on behalf of themselves and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, FIRST CLASS PARKING SYSTEMS LLC a/k/a 1ST CLASS VALET SERVICE, SEBASTIAN LOPEZ, and JORGE ZULUAGA, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were all residents of Dade County, Florida at the time that this dispute arose.

3. The Defendant FIRST CLASS PARKING SYSTEMS LLC a/k/a 1ST CLASS VALET SERVICE is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

**1** of **8**

4. The individual Defendant SEBASTIAN LOPEZ is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

5. The individual Defendant JORGE ZULUAGA is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d)

6. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. This action arises under the laws of the United States.  This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the

production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

10. Plaintiff FLOR ANDREA RODRIGUEZ ASALDE worked for Defendants as a valet from on or about January 9, 2013 through on or about December 1, 2015.

11. Plaintiff JOHN CONDE worked for Defendants as a valet from on or about March 7, 2012 through on or about September 1, 2014.

12. Plaintiff JAVIER ANTONIO CABRERA SAVINOVICH worked for Defendants as a valet from on or about October 11, 2011 through the present and on going.

13. Plaintiff BRANDON ANTHONY GOMEZ worked for Defendants as a valet from on or about October 15, 2013 through on or about December 10, 2015.

14. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

15. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used

instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

16. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2011, 2012, 2013 through 2014.

17. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $375,000 for the first nine months of the year 2015 and is expected to exceed $500,000 for the year 2015.

18. Between the period of on or about January 9, 2013 through on or about December 1, 2015, Plaintiff FLOR ANDREA RODRIGUEZ ASALDE worked an average of 70 hours a week for Defendants and was paid an average of $8.25 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate based on the applicable minimum wage rate for each hour worked above 40 in a week.

19. Between the period of on or about March 7, 2012 through on or about September 1, 2014, Plaintiff JOHN CONDE worked an average of 48 hours a week for Defendants and was paid an average of $8.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate based on the applicable minimum wage rate for each hour worked above 40 in a week.

20. Between the period of on or about October 11, 2011 through on or about October 11, 2014, Plaintiff JAVIER ANTONIO CABRERA SAVINOVICH worked an average of 58 hours a week for Defendants and was paid an average of $6.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor

Standards Act. Plaintiff therefore claims the half time overtime rate based on the applicable minimum wage rate for each hour worked above 40 in a week.

21. Between the period of on or about October 12, 2014 through the present and ongoing, Plaintiff JAVIER ANTONIO CABRERA SAVINOVICH worked an average of 58 hours a week for Defendants and was paid an average of $7.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate based on the applicable minimum wage rate for each hour worked above 40 in a week.

22. Between the period of on or about October 15, 2013 through on or about December 10, 2015, Plaintiff BRANDON ANTHONY GOMEZ worked an average of 64 hours a week for Defendants and was paid an average of $7.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate based on the applicable minimum wage rate for each hour worked above 40 in a week.

23. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, the Plaintiffs requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be

proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs requests a trial by jury.*

### COUNT II. FEDERAL MINIMUM WAGE VIOLATION AS TO PLAINTIFFS JAVIER ANTONIO CABRERA SAVINOVICH AND BRANDON ANTHONY GOMEZ AGAINST DEFENDANTS, JOINTLY AND SEVERALLY

COMES NOW PLAINTIFFS, JAVIER ANTONIO CABRERA SAVINOVICH and BRANDON ANTHONY GOMEZ, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-23 above and further states:

24. 29 U.S.C. § 206 (a) (1) states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: except as otherwise provided in this section, not less than - $5.85 an hour…" On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

25. Between on or about October 11, 2011 through on or about October 11, 2014, Plaintiff JAVIER ANTONIO CABRERA SAVINOVICH worked an average of 58 hours a week for the Defendants. Plaintiff was paid $6.00/hr for said work in violation of the Fair Labor Standards Act as said payment of $6.00/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff JAVIER ANTONIO CABRERA SAVINOVICH claims difference between his average hourly rate of $6.00/hr and the

applicable minimum wage rate of $7.25/hr for all hours worked.

26. Between on or about October 12, 2014 through the present and ongoing, Plaintiff JAVIER ANTONIO CABRERA SAVINOVICH worked an average of 58 hours a week for the Defendants. Plaintiff was paid $7.00/hr for said work in violation of the Fair Labor Standards Act as said payment of $7.00/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff JAVIER ANTONIO CABRERA SAVINOVICH claims difference between his average hourly rate of $7.00/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

27. Between on or about October 15, 2013 through on or about December 10, 2015, Plaintiff BRANDON ANTHONY GOMEZ worked an average of 64 hours a week for the Defendants. Plaintiff was paid $7.00/hr for said work in violation of the Fair Labor Standards Act as said payment of $7.00/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff BRANDON ANTHONY GOMEZ claims difference between his average hourly rate of $7.00/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

28. The Defendants wage payment practices to Plaintiffs JAVIER ANTONIO CABRERA SAVINOVICH and BRANDON ANTHONY GOMEZ for these time periods did not meet the federal minimum wage law requirements as Plaintiffs JAVIER ANTONIO CABRERA SAVINOVICH and BRANDON ANTHONY GOMEZ were not paid the required federal minimum wage for all hours worked and are therefore claiming federal minimum wage violations.

29. Defendants willfully and intentionally refused to pay Plaintiffs', JAVIER ANTONIO CABRERA SAVINOVICH and BRANDON ANTHONY GOMEZ, minimum wages as

required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs JAVIER ANTONIO CABRERA SAVINOVICH and BRANDON ANTHONY GOMEZ these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, Plaintiffs JAVIER ANTONIO CABRERA SAVINOVICH and BRANDON ANTHONY GOMEZ requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiffs' entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs requests a trial by jury*.

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
 J.H. Zidell, Esq.
Florida Bar Number: 0010121