UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  1:16-CV-20027 MGC

FLOR ANDREA RODRIGUEZ ASALDE, et al.

    Plaintiffs,

vs.

FIRST CLASS PARKING SYSTEMS LLC
a/k/a 1ST CLASS VALET SERVICE,
SEBASTIAN LOPEZ,  JORGE ZULUAGA,

    Defendants.
_____/

## DEFENDANTS' AMENDED STATEMENT OF MATERIAL FACTS

Pursuant to Local Rule 56.1, Defendants list the material facts which they contend are uncontroverted in the instant action and state the following:

1. Plaintiff, John Conde ("Conde") admits he was paid for all of the hours he worked, just not the overtime. [D.E. #29-2, p.12, lns.19-21].

2. Conde says he worked 48 each week. [D.E. #29-2, p.12, lns.22-23].

3. Conde said he may not have worked 48 hours every week. [D.E. #29-2, p.12, ln.24 - p.13, ln.1].

4. When Conde worked at the Williams Island (Admiral's Port) location he did not work at Skyline. [D.E. #29-2, p.18, lns.4-6].

5. Conde only worked one shift per week at Williams Island (Admiral's Port) location. [D.E. #29-2, p.18, lns. 22-25].

6. When Conde worked at Williams Island location (Admiral's Port) he did not work 48 hours per week. [D.E. #29-2, p.19, lns.20-22].

7. Conde worked with Juan Rodriguez. [D.E. #29-2, p.16, lns.19-21].

8. Conde performed the same job functions as Juan Rodriguez. [D.E. #29-2, p.16, ln.22 – p.17, ln.7].

9. Conde just parked the cars and went back to the podium. [D.E. #29-2, p.16, ln.22 – p.17, ln.7].

10. Conde's job was to park the cars. [D.E. #29-2, p.39, lns.14-20].

11. Conde does not know who it was that hired him. [D.E. #29-2, p.20, lns.20-21].

12. When he needed a day off, he asked the supervisor, Guillermo. [D.E. #29-2, p. 29, ln.25 – p.30, ln.7].

13. It was never Jorge Zuluaga or Sebastian Lopez that Conde asked for a day off. [D.E. #29-2, p.30, lns.6-13].

14. Conde does not know what days he worked overtime for First Class Parking. [D.E. #29-2, p.31, ln.23-p.32, ln.3].

15. Conde stated he always worked 48 hours per week. [D.E. #29-2, p.32, lns.9-12].

16. Every day he went to work he clocked in. [D.E. #29-2, p.33, lns.13-17].

17. Every day he left work he punched out. [D.E. #29-2, p.34, lns.5-7; p.34, ln.24-p.35, ln.1].

18. Conde's claim is that he was not paid the premium overtime for hours worked over 40. [D.E. #29-2, p.35, lns.2-11; p.40, lns.12-16].

19. Conde never complained he was not being paid properly. [D.E. #29-2, p.36, lns.3-6].

20. Javier Savinovich ("Savinovich") worked as a valet runner. [D.E. #29-3, p.10, lns.8-10].

21. Savinovich's job was to take the vehicle and park it. [D.E. #29-3, p.32, lns.7-9].

22. Savinovich's job was to "grab the vehicle" and bring up the ramp to the driver. [D.E. #29-3, p.32, lns.10-17].

23. Savinovich's job while working for First Class Parking was to park cars. [D.E. #29-3, p.44, lns.13-16].

24. Savinovich did not save any copies of the work schedules. [D.E. #29-3, p.34, lns.11-13].

25. Savinovich's claim of 58 hour per week for 64 weeks is inaccurate due to the fact that he worked at Crystal Beach Hotel and was only working weekends (two shifts/week) during November to his last day of work. [D.E. #29-3, p.35, ln.12-p.36, ln.14].

26. If Savinovich needed a day off, he would ask his supervisor. [D.E. #29-3, p.45, lns.15-17].

27. The first thing Savinovich did when he got to work was to clock in. [D.E. #29-3, p.48, lns.21-24]

28. First Class Parking Systems always used a time clock. [D.E. #29-3, p.49, lns.18-20].

29. Savinovich does not have any written records or paperwork or pictures he could use to show he worked 58 hours a week. [D.E. #29-3, p.53, lns.12-16].

30. Savinovich cannot identify any of the days he worked and how many hours he worked. [D.E. #29-3, p.53, ln.24-p.54, ln.3].

31. The supervisor made the schedule. [D.E. #29-3, p.55, lns.24-25].

32. Joe Shumar hired Savinovich to work at First Class Parking Systems. [D.E. #29-3, p.57, lns.15-18].

33. Neither Jorge Zuluaga nor Sebastian Lopez hired Savinovich. [D.E. #29-3, p.57, lns.15-18].

34. Savinovich was paid for all of the hours he worked. [D.E. #29-3, p.59, lns.12-14].

35. Savinovich's claim is just that he did not get paid the overtime premium (half-time). [D.E. #29-3, p.59, lns.15-17; p.59, lns.21-24].

36. The Complaint states that Flor Andrea Rodriguez Asalde ("Asalde") started working for Defendants on January 9, 2013 until December 1, 2015. [D.E. #1, ¶ 10].

37. Asalde worked to October 16, 2015 not December 1, 2015 as stated in the Complaint. [D.E. #29-4, p.9, lns.19-24; p.32, lns.7-9].

38. Asalde's claim is that she was paid for all of the hours she worked, but was not paid the overtime premium for the hours she worked over 40. [D.E. #29-4, p.28, lns.7-12].

39. Asalde would sign in on a sheet of paper when she started working. [D.E. #29-4, p.29, lns.6-8].

40. Asalde would sign out when she stopped working. [D.E. #29-4, p.29, ln.22-p.30, ln.3].

41. Asalde signed in and signed out every time she worked. [D.E. #29-4, p.30, lns.6-11].

42. Asalde admits she was paid for every hour she worked. [D.E. #29-4, p.30, lns.18-22].

43. Asalde was paid at the end of the event so she would know if she was not paid for every hour she worked. [D.E. #29-4, p.30, lns.15-18].

44. Lawsuit is about that she worked more than 40 hours a week. [D.E. #29-4, p.12, lns.22-23].

45. Asalde was in charge of the keys and the information about the cars that came in. [D.E. #29-4, p.14, lns.12-16].

46. Asalde first worked doing customer service. [D.E. #29-4, p.14, lns.12-16].

47. Customer service meant that Asalde helped people to get their cars from the valet by taking their valet ticket and asking to have their car brought. [D.E. #29-4, p.14, lns.17-22].

48. Asalde does not know how many hours she worked each week, she can only say she worked more than 40. [D.E. #29-4, p.15, lns.8-11].

49. Asalde worked with Juan Rodriguez. [D.E. #29-4, p.16, lns.9-10].

50. Asalde was in charge of the keys to the cars. [D.E. #29-4, p.18, lns.9-13].

51. Asalde was in charge of writing down the information relating to the cars such as the model of the car, the color of the car, the time the car came in and the number of the valet ticket. [D.E. #29-4, p.18, lns.9-13].

52. Juan Rodriguez is Asalde's brother. [D.E. #29-4, p.16, lns.15-16].

53. Asalde parked cars sometimes. [D.E. #29-4, p.18, lns.24-25].

54. Asalde parked "very few" cars. [D.E. #29-4, p.19, lns.1-2].

55. Asalde parked cars at private parties. [D.E. #29-4, p.19, lns.15-17].

56. Asalde does not know the dates of the private parties she worked. [D.E. #29-4, p.19, lns.15-22].

57. Asalde can only remember working during the boat show and the auto show. She cannot remember any other dates. [D.E. #29-4, p.20, lns.8-17].

58. Asalde admits there were weeks she did not work. [D.E. #29-4, p.21, lns.12-17].

59. Asalde admits there are weeks where there were not any events at the Convention Center or at the Fillmore and that she did not work. [D.E. #29-4, p.21, ln.24-p.22, ln.5].

60. Asalde admits the complaint is incorrect because it states she worked 30 overtime hours per week and she did not work 30 overtime hours every week. [D.E. #29-4, p.22, lns.21-25; p.23, lns.1-2].

61. Asalde admits that when she parked cars she did the same thing her brother did when he parked cars. [D.E. #29-4, p.23, lns.9-11].

62. Asalde; "You just park the car and put the ticket, put the model number, the color and my name. That's it. Then you go back and wait for the next car to come" [D.E. #29-4, p.23, lns.12-22].

63. Asalde sometimes kept a record of the hours she worked on her phone. However, she does not have the records now, and does not remember when she "lost" them. [D.E. #29-4, p.26, lns.4-10].

64. Asalde does not have any records from when she worked at First Class Parking. [D.E. #29-4, p.26, lns.11-13].

65. Sebastian Lopez ("Lopez") is the Director of Operations of Defendant, First Class Parking Systems, LLC. [D.E. #29-6, ¶3].

66. Lopez did not hire or fire any of the Plaintiffs, set the pay rate for any of the Plaintiffs, set the schedule for any of the Plaintiffs or supervise any of the Plaintiffs. [D.E. #29-6, ¶4].

67. Lopez did not exercise any control over any of the Plaintiffs' work nor the terms and conditions of any of the Plaintiffs' work. [D.E. #29-6, ¶5].

68. Although Lopez handles the day-to-day operations for First Class such as contract negotiations, he does not have an active role in the valet parking operations at the various parking lots. [D.E. #29-6, ¶6].

69. First Class did not engage in interstate commerce or in the production of goods for interstate commerce because the business is a valet company which provides only intrastate services to its customers. [D.E. #29-6, ¶7].

70. Lopez reviewed First Class' work and pay records for each of the Plaintiffs which were produced during discovery, [D.E. #29-6, ¶8], and according to the work and pay records, each of the Plaintiffs were properly paid for all hours that they worked for First Class including any overtime hours. [D.E. #29-6, ¶9].

71. The valet parking tickets that Plaintiffs used during their work had been purchased by First Class within Florida. [D.E. #29-6, ¶10].

72. The shirts provided to Plaintiffs to wear while they worked were also purchased by First Class within Florida. [D.E. #29-6, ¶11].

73. Jorge Zuluaga ("Zuluaga") is the President of First Class Parking Systems, LLC. [D.E. #29-5, ¶3].

74. Zuluaga did not hire or fire any of the Plaintiffs, set the pay rate for any of the Plaintiffs, set the schedule for any of the Plaintiffs or supervise any of the Plaintiffs. [D.E. #29-5, ¶4].

75. Zuluaga did not exercise any control over any of the Plaintiffs' work nor the terms and conditions of any of the Plaintiffs' work. [D.E. #29-5, ¶5].

76. Zuluaga does not have an active role in the day-to-day valet parking operations at the various parking lots. [D.E. #29-5, ¶6].

Respectfully Submitted June 29, 2016

/s/ Lowell J. Kuvin
Lowell J. Kuvin
Fla. Bar No.:53072
lowell@kuvinlaw.com
Law Office of Lowell J. Kuvin
17 East Flagler St. Suite 223
Miami, Florida 33131
Tele:  305.358.6800
Fax:   305.358.6808
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on June 29, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

CASE NO. 1:16-CV-20027 MGC

### Service List

**Lowell J. Kuvin, Esq.**
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Asaldeida 33131
Tel.: 305.358.6800
Asaldex: 305.358.6808
Primary Email: lowell@kuvinlaw.com
Secondary Email: esther@kuvinlaw.com
*Attorney for Defendants*

**J.H. Zidell**
**Steven Fraser**
*J.H. Zidell, P.A.*
300 71st Street, Suite 605
Miami Beach, Asaldeida 33141
Tel: 305.865.6766
Asaldex: 305.865.7167
Email: ZAbogado@aol.com
*Attorney for Plaintiff*