UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-20027-CIV-MGC

FLOR ANDREA RODRIGUEZ ASALDE, )
JOHN CONDE, JAVIER ANTONIO )
CABRERA SAVINOVICH, BRANDON )
ANTHONY GOMEZ, and all others similarly )
situated under 29 U.S.C. 216(b), )
 )
             Plaintiff, )
  vs. )
 )
FIRST CLASS PARKING SYSTEMS LLC )
a/k/a 1ST CLASS VALET SERVICE, )
SEBASTIAN LOPEZ, )
JORGE ZULUAGA, )
 )
         Defendants. )
_____ )

**PLAINTIFFS' AMENDED RESPONSE IN OPPOSITION TO DEFENDANTS' AMENDED STATEMENT OF MATERIAL FACTS [DE36] IN COMPLIANCE WITH THE COURT'S ORDER [DE46]**

COME NOW the Plaintiffs, by and through undersigned counsel, and amend their response to Defendants' Amended Statement of Material Facts [DE36] in compliance with the Court's Order [DE46][1], and in support thereof state as follows:

1. As to paragraph 1, admitted that Conde claim is for the extra half time rate for any hours worked over 40 in a week as required by the Law based on his average hourly rate. [DE1].[2]

2. As to Paragraph 2, admitted. [DE29-2, P.12, L.22-23].

3. As to Paragraph 3, admitted that Conde does not have records to refer to and as such cannot provide with an exactitude the dates and times he worked for Defendants and/or the hours worked for Defendants, however denied that Conde is unable to provide an estimation and approximation of the dates and times he worked for Defendants and the hours worked for Defendants, therefore denied. [DE44-3, ¶ 13-14].

---

[1] Plaintiffs have exceeded the page limit so as to comply with the Court's Order [DE46].

[2] Plaintiff reserves his right to seek time and one-half damages for any other completely unpaid overtime hours should the facts adduced in discovery justify same.

1

4. As to Paragraph 4, admitted. [DE29-2, P.18, L.4-6].

5. As to Paragraph 5, admitted that Conde testified that he only worked one shift at Williams Island. [D.E. #29-2, P.18, L. 22-25].

6. As to Paragraph 6, admitted that Conde testified that for the last month of his employment with Defendants he worked at Williams Island and did not work 48 hours per week. [DE29-2, P.19, L.16-P.20, L.4]. *See also* [DE44-3, ¶¶ 13-14].

7. As to Paragraph 7, admitted that Conde worked with Juan Rodriguez at some point during the relevant time period. [DE29-2, P.16, L.19-21].

8. As to Paragraph 8, admitted that Conde worked with Juan Rodriguez at some point during the relevant time period and at that time they performed the same job function however denied that Conde's sole responsibilities were those of Juan Rodriguez. *See* [DE29-2, P.23, L.1-P.24, L.7; P.26, L.16-P.27, L.23]; *See also* [DE44-3, ¶¶ 2, 4, 5, 13, 14].

9. As to Paragraph 9, admitted that Conde's job responsibilities included parking the cards and returning to the podium however denied that this was Conde's sole job responsibilities. *See* [DE29-2, P.23, L.1-P.24, L.7; P.26, L.16-P.27, L.23]; *See also* [DE44-3, ¶¶ 2, 4, 5, 13, 14].

10. As to Paragraph 10, admitted that Conde's job responsibilities included parking the cars however denied that this was Conde's sole job responsibilities. *See* [DE29-2, P.23, L.1-P.24, L.7; P.26, L.16-P.27, L.23]; *See also* [DE44-3, ¶¶ 2, 4, 5, 13, 14].

11. As to Paragraph 11, this is a mischaracterization of Conde's testimony as he stated that Luis Guillermo Salazar spoke to the owners, Sebsatian Lopez and "Don Jorge" (Jorge Zuluaga, and they gave Conde the job. *See* [DE29, P.20, L.5-12].

12. As to Paragraph 12, admitted that Conde asked his direct supervisor when he needed a day off. [DE29-2, P. 29, L.25 – P.30, L.7].

13. As to Paragraph 13, admitted that Conde never directly asked Defendants Zuluaga or Lopez for a day off. [DE29-2, P.30, L.6-13].

14. As to Paragraph 14, admitted that Conde does not have records to refer to and as such cannot provide with an exactitude the dates and times he worked for Defendants and/or the hours worked for Defendants, however denied that Conde is unable to provide an estimation and approximation of the dates and times he worked for Defendants and the hours worked for Defendants, therefore denied. [DE44-3, ¶ 13-14].

15. As to Paragraph 15, admitted. [DE29-2, P.32, L.9-12].

16. As to Paragraph 16, admitted. [DE29-2, P.33, L.13-17].

17. As to Paragraph 17, denied. *See* [DE29-2, P.33, L.18-P.34, L.4].

18. As to Paragraph 18, admitted that Conde claim is for the extra half time rate for any hours worked over 40 in a week as required by the law based on his average hourly rate. [DE1].[3]

19. As to Paragraph 19, admitted that Conde testified that he never complained that he was not being paid properly. [DE29-2, P.36, L.3-6].

20. As to Paragraph 20, admitted. [DE29-3, P.10, L.8-10]; *See also* [DE44-1, ¶¶ 4-7, 32-52].

21. As to Paragraph 21, admitted that Savinovich's duties included taking the vehicles and parking them, however, this was not Savinovich's sole responsibilities as a valet parker/runner. [DE29-3, P.32, L.7-9]; *See also* [DE44-1, ¶¶ 4-7, 32-52].

22. As to Paragraph 22, admitted that Savinovich's duties included grabbing the vehicles and bringing them up the ramp to the driver, however, this was not Savinovich's sole responsibilities as a valet parker/runner. [DE29-3, P.32, L.10-17]; *See also* [DE44-1, ¶¶ 4-7, 32-52].

23. As to Paragraph 23, admitted that Savinovich's duties included parking the cars, however, this was not Savinovich's sole responsibilities as a valet parker/runner. [DE29-3, P.44, L.13-16]; *See also* [DE44-1, ¶¶ 4-7, 32-52].

24. As to Paragraph 24, admitted. [DE29-3, P.34, L.11-13].

25. As to Paragraph 25, admitted from on or about November 2015 through on or about April 2016, Plaintiff is not claiming overtime however Plaintiff is claiming that Defendants failed to pay Plaintiff the applicable Federal Minimum Wage required for said period and further denied as to the remaining relevant time period alleged by Savinovich. [DE1]; *See also* [DE44-1, ¶9].

26. As to Paragraph 26, admitted that Savinovich would ask his direct supervisor if he needed a day off but denied that Savinovich was granted said requests. [DE29-3, P.45, L.15-17]; *See also* [DE44-1, ¶ 10].

27. As to Paragraph 27, denied. [DE44-1, ¶¶ 11-13].

28. As to Paragraph 28, admitted that at Savinovich's post that a clock-in system was used however denied as to the validity and accuracy of said clock-in system. [DE44-1, ¶¶ 11-13].

---

[3] Plaintiff reserves his right to seek time and one-half damages for any other completely unpaid overtime hours should the facts adduced in discovery justify same.

29. As to Paragraph 29, admitted that Savinovich was not required by Defendants to maintain his own time keeping records however under information and belief Defendants maintained Plaintiff's time cards. [DE29-3, P.53, L.12-16]; *See also* [DE44-1, ¶¶ 11-13].

30. As to Paragraph 30, admitted that Savinovich does not have records to refer to and as such cannot provide with an exactitude the dates and times he worked for Defendants and/or the hours worked for Defendants, however denied that Savinovich is unable to provide an estimation and approximation of the dates and times he worked for Defendants and the hours worked for Defendants. [DE44-1, 14].

31. As to Paragraph 31, admitted. [DE29-3, P.55, L.24-25].

32. As to Paragraph 32, admitted that Savinovich was hired through Defendants agent and Savinovich's direct supervisor, Josimar (Last Name Unknown). [DE29-3, P.57, L.15-18]; *See also* [DE44-1, ¶ 16].

33. As to Paragraph 33, admitted that Savinovich was not hired directly by Defendants Zuluaga and Lopez but rather was hired through Defendants' agent and Savinovich's direct supervisor, Josimar (Last Name Unknown). [DE29-3, P.57, L.15-18]; *See also* [DE44-1, ¶16].

34. As to Paragraph 34, admitted that Savinovich's claim is for the extra half time rate for any hours worked over 40 in a week as required by the law based on his average hourly rate and/or the applicable minimum wage rate however Savinovich also has a claim for Federal Minimum Wage violations as Plaintiff's wages did not meet the applicable Federal Minimum Wage required by law for the relevant time period. [DE1]; *See also* [DE44-1, ¶¶ 9, 18, 19].

35. As to Paragraph 35, admitted that Savinovich's claim is for the extra half time rate for any hours worked over 40 in a week as required by the Law based on his average hourly rate however Savinovich also has a claim for Federal Minimum Wage violations as Plaintiff's wages did not meet the applicable Federal Minimum Wage required by law for the relevant time period. [DE1]; *See also* [DE44-1, ¶¶ 9, 18, 19].

36. As to Paragraph 36, admitted. [DE1].

37. As to Paragraph 37, admitted; there was a scrivener's error in the Complaint [DE1].

38. As to Paragraph 38, admitted that Asalde's claim is for the extra half time rate for any hours worked over 40 in a week as required by the Law based on the average hourly rate of $8.25/hr. [DE1]; *See also* [DE44-2, ¶ 6].

39. As to Paragraph 39, admitted that on or about the year 2015 Asalde would sign in on a sheet of paper when Asalde started working, however denied that Asalde signed in on a sheet of paper for the entire relevant time period. [DE44-2, ¶¶ 7-9].

40. As to Paragraph 40, admitted that on or about the year 2015 Asalde would sign out on a sheet of paper when Asalde stopped working, however denied that Asalde signed out on a sheet of paper for the entire relevant time period. [DE44-2, ¶¶ 7-9].

41. As to Paragraph 41, admitted that on or about the year 2015 Asalde would sign in when Asalde stated working and signed out on a sheet of paper when Asalde stopped working, however denied that Asalde signed in and signed out on a sheet of paper for the entire relevant time period. [DE44-2, ¶¶ 7-9].

42. As to Paragraph 42, admitted that Asalde's claim is for the extra half time rate for any hours worked over 40 in a week as required by the Law based on the average hourly rate of $8.25/hr. [DE1]; *See also* [DE44-2, ¶ 6].

43. As to Paragraph 43, admitted. [DE29-4, P.30, L.15-18].

44. As to Paragraph 44, admitted. [DE29-4, P12, L.22-24].

45. As to Paragraph 45, admitted that Asalde was in charge of the keys and the information about the cars that came in during the relevant time period however denied that Asalde was in charge of the keys and the information about the cars that came in during the **entire** relevant time period. [DE44-2, ¶¶ 13-15, 21-23, 45-66].

46. As to Paragraph 46, admitted that Asalde initially worked in customer service however denied that Asalde's sole responsibilities including working in customer service when Asalde worked in same as Asalde was also responsible for working as a valet parker/runner when there were too many vehicles and not enough valet parkers/runners. [DE44-2, ¶¶ 13-15, 19, 21-23, 45-66].

47. As to Paragraph 47, admitted that part of Asalde's job responsibilities as in customer service included Asalde helping people to get their cars from the valet by taking their valet ticket and asking to have their car brought, however denied that this was Asalde's sole responsibilities in customer service. [DE44-2, ¶¶ 13-15, 19, 21-23, 45-66].

48. As to Paragraph 48, admitted that Asalde does not know how many hours Asalde worked as Defendants failed to maintain time records until on or about 2015 and admitted that Asalde has

testified that she worked in excess of 40 hours per week that she worked for Defendants during the relevant time period. [DE44-2, ¶ 16].

49. As to Paragraph 49, admitted that Asalde worked with Juan Rodriguez sometimes when assigned by Defendants to work at the Convention Center and the Filmore. [DE29-4, P.16, L.9-10]; *See also* [DE44-2, ¶¶ 17].

50. As to Paragraph 50, admitted that Asalde was in charge of the keys and the information about the cars that came in during the relevant time period however denied that Asalde was in charge of the keys and the information about the cars that came in during the **entire** relevant time period. [DE44-2, ¶¶ 13-15, 19, 21-23, 45-66].

51. As to Paragraph 51, admitted that Asalde's job responsibilities included writing down the information relating to the cars such as the model of the car, the color of the car, the time the car came in, and the number of the valet ticket, however denied that this was Asalde's sole responsibility during the relevant time period that Asalde worked for Defendants. [DE44-2, ¶¶ 13-15, 19, 21-23, 45-66].

52. As to Paragraph 52, admitted. [DE29-4, P.16, L.15-16].

53. As to Paragraph 53, admitted that Asalde parked cars and that this was part of her job duties during the relevant time period that Asalde was employed by Defendants. [DE44-2, ¶¶ 13-15, 19, 21-23, 45-66].

54. As to Paragraph 54, admitted that Asalde testified at Asalde's deposition that at the Convention Center Asalde parked very few cars as Asalde had two job title/responsibilities including being in charge of the keys and the information of all the cars that came in. [DE29-4, P.17, L.24-P.19, L.2]; *See also* [DE44-2, ¶¶ 13-15, 19, 21-23, 45-66].

55. As to Paragraph 55, admitted that during the relevant time period Asalde parked cars at private parties however denied that this was Asalde's sole responsibility at the private parties that Asalde worked at as instructed by Defendants. [DE44-2, ¶¶ 13-15, 19, 21-23, 45-66].

56. As to Paragraph 56, admitted as Defendants failed to maintain time records through to on or about the year 2015. [DE44-2, ¶ 16].

57. As to Paragraph 57, admitted as Defendants failed to maintain time records through to on or about the year 2015. [DE44-2, ¶ 16].

58. As to Paragraph 58, admitted. [DE29-4, P.21, L. 12-17].

59. As to Paragraph 59, admitted. [DE29-4, P.21, L.24-P.22, L.5].

60. As to Paragraph 60, admitted that Asalde provided a good faith estimation of hours worked for Defendants during the relevant time period and admitted that Defendants failed to maintain time record through to on or about the year 2015 and, as such, admitted that Asalde can only provide a good faith estimation of hours worked for Defendants during the relevant time period. [DE44-2, ¶ 16].

61. As to Paragraph 61, admitted that Asalde worked with Juan Rodriguez sometimes when assigned by Defendants to work at the Convention Center and the Filmore and admitted that on the occasions that Asalde worked with Juan Rodriguez at the Convention Center and the Filmore that Asalde parked cars as did Juan Rodriguez. [DE29-4, P.16, L.9-10]; *See also* [DE44-2, ¶¶ 17].

62. As to Paragraph 62, admitted that Asalde testified that Asalde worked with Juan Rodriguez sometimes when assigned by Defendants to work at the Convention Center and the Filmore and admitted that on the occasions that Asalde worked with Juan Rodriguez at the Convention Center and the Filmore that Asalde parked cars as did Juan Rodriguez and admitted that Asalde testified at her deposition that similar to Juan Rodriguez, Asalde would "park the car and put the ticket, put the model number, the color and my name. That's it. Then you go back and wait for the next car to come." Asalde also stated at Asalde's deposition that Asalde would take the key to the person in charge and then in addition to this also had job responsibilities related to being the key person. [DE29-4, P.16, L.9-10]; *See also* [DE44-2, ¶¶ 17]; [DE29-4, P.24, L.2-21].

63. As to Paragraph 63, admitted. [DE29-4, P.26, L.4-10].

64. As to Paragraph 64, admitted however Asalde has provided Defendants with photos that reflect some of the days and job responsibilities that Asalde had during the relevant time period and has made her uniform and badge available for inspection at an agreed upon date and time. [DE44-2, ¶¶ 32].

65. As to Paragraph 65, admitted that Lopez states in his Certification that he is the Director of Operations of the Defendant, First Class Parking Systems, LLC. [DE29-6, ¶ 3]; *See also* Lopez Depo. Trans. P.14, L.3-14; P.16, L.9-11; P.20, L.13-14; P.18, L.1-P.19,L.1; P.21, L.1-11; *See* [DE29, P.20, L.5-12]; *See also* Plaintiff Asalde Aff. ¶¶ 58-66.

66. As to Paragraph 66, admitted that Lopez did not hire or fire, set the pay rate, or set the schedules for Savinovich directly however denied that Lopez was not in direct and regular contact with Savinovich's direct supervisor; admitted that Lopez did not hire or fire Asalde

however denied as to the remaining statements made in Paragraph 66. [DE29-6, ¶ 3]; *See also* Lopez Depo. Trans. P.14, L.3-14; P.16, L.9-11; P.20, L.13-14; P.18, L.1-P.19,L.1; P.21, L.1-11; *See* [DE29, P.20, L.5-12]; *See also* Plaintiff Asalde Aff. ¶¶ 58-66.

67. As to Paragraph 67, denied. [DE29-6, ¶ 3]; *See also* Lopez Depo. Trans. P.14, L.3-14; P.16, L.9-11; P.20, L.13-14; P.18, L.1-P.19,L.1; P.21, L.1-11;  *See* [DE29, P.20, L.5-12]; *See also* Plaintiff Asalde Aff. ¶¶ 58-66.

68. As to Paragraph 68, admitted that Lopez handles the day-to-day operations for Defendant First Class Parking Systems, LLC, however denied as to the remaining statements made in Paragraph 68. [DE29-6, ¶ 3]; *See also* Lopez Depo. Trans. P.14, L.3-14; P.16, L.9-11; P.20, L.13-14; P.18, L.1-P.19,L.1; P.21, L.1-11;  *See* [DE29, P.20, L.5-12]; *See also* Plaintiff Asalde Aff. ¶¶ 58-66.

69. As to Paragraph 69, admitted that Defendant First Class Parking Systems, LLC, is a valet company however denied as to the remaining statements made in Paragraph 69. [DE44-2, ¶¶ 45-59]; *See also* [DE44-3, ¶¶ 2, 4, 5, 13, 14]; [DE44-1, ¶¶ 4-7, 32-52].

70. As to Paragraph 70, Plaintiffs are without personal knowledge as to what Lopez has reviewed and/or has not reviewed during the course of discovery and, therefore, denied.

71. As to Paragraph 71, Plaintiffs are without knowledge as to where Defendants purchased their valet parking tickets that Plaintiffs used during their work while employed by Defendants and, therefore, denied and Plaintiffs demand strict proof thereof (i.e. sale receipts/invoices). [DE44-2, ¶¶ 45-59]; *See also* [DE44-3, ¶¶ 2, 4, 5, 13, 14]; [DE44-1, ¶¶ 4-7, 32-52].

72. As to Paragraph 72, Plaintiffs are without knowledge as to where Defendants purchased the shirts to wear during his work while employed by Defendants and, therefore, denied. [DE44-2, ¶¶ 45-59]; *See also* [DE44-3, ¶¶ 2, 4, 5, 13, 14]; [DE44-1, ¶¶ 4-7, 32-52].

73. As to Paragraph 73, admitted. [DE29-5, ¶ 3].

74. As to Paragraph 74, admitted that Zuluaga did not hire or fire, set the pay rate, or set the schedules for Savinovich directly however denied that Lopez was not in direct and regular contact with Savinovich's direct supervisor; admitted that Zuluaga did not hire or fire Asalde however denied as to the remaining statements in Paragraph 74. Zuluaga Depo. Trans. P.19, L.12-14; P.18, L.3-10; P.19, L.5-11; P.19, L.19; P.22, L.9-11; P.20, L.2-5; *See also See* [DE29, P.20, L.5-12]. *See also* Plaintiff Asalde Aff. ¶¶ 58-66.

75. As to Paragraph 75, denied. Zuluaga Depo. Trans. P.19, L.12-14; P.18, L.3-10; P.19, L.5-11; P.19, L.19; P.22, L.9-11; P.20, L.2-5; *See also See* [DE29, P.20, L.5-12]. *See also* Plaintiff Asalde Aff. ¶¶ 58-66.

76 As to Paragraph 76, denied. Zuluaga Depo. Trans. P.19, L.12-14; P.18, L.3-10; P.19, L.5-11; P.19, L.19; P.22, L.9-11; P.20, L.2-5; *See also See* [DE29, P.20, L.5-12]. *See also* Plaintiff Asalde Aff. ¶¶ 58-66.

77. When Conde worked for Defendants, Conde worked from Monday from approximately 7:00 a.m. through to and including approximately 11:00 p.m., Tuesday through to and including Friday from approximately 3:00 p.m. through to and including approximately 11:00 p.m. [DE44-3, ¶¶ 13-14].

78. Savinovich would often assist with parking a vehicle from the shift that was ending when he was commencing his shift and then clock-in and the clock system did not always work, and when it did not work it would take several day until it would be fixed. Thus, any clock-in records are disputed as to their accuracy and validity. [DE44-1, ¶¶ 11-13].

79. **Savinovich's shirt he was required to wear during his work while employed by Defendants says "Made in Colombia" on the label and the jacket to wear during his work while employed by Defendants says "Made in China" on the label. [DE44-1, ¶ 48]. Asalde's shirt to wear during her work while employed by Defendants says "Made in Jordan" on the label and the jacket to wear during her work while employed by Defendants says "Made in China" on the label. [DE44-2, ¶ 40, 59].**

80. Plaintiffs refer to their Affidavits filed herewith along with Plaintiff Conde's Responses to Defendants' First Set of Interrogatories. *See also* Defendants' Deposition Transcripts and Plaintiff Savinovich Supplemental Affidavit and Exhibit attached.

        Respectfully submitted,

        J. H. ZIDELL, P.A.
        ATTORNEYS FOR PLAINTIFF
        300-71ST STREET, SUITE 605
        MIAMI BEACH, FLORIDA 33141
        305-865-6766
        305-865-7167

        By:_s/ Rivkah F. Jaff, Esq. ___

                                          Rivkah F. Jaff, Esquire
                                        Florida Bar No.: 107511

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 7/27/16 TO THE FOLLOWING:**

**LOWELL J. KUVIN, ESQ.**
**LAW OFFICE OF LOWELL J. KUVIN**
**17 EAST FLAGLER STREET, SUITE 223**
**TEL.: 305.358.6800**
**FAX: 305.358.6808**
**LOWELL@KUVINLAW.COM**
**MIAMI, FLORIDA 33131**

**BY:__/s/____Rivkah F. Jaff_____**
       **RIVKAH F. JAFF, ESQ.**