UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-20027-CIV-MGC

FLOR ANDREA RODRIGUEZ ASALDE,       )
JOHN CONDE, JAVIER ANTONIO          )
CABRERA SAVINOVICH, BRANDON         )
ANTHONY GOMEZ, and all others similarly )
situated under 29 U.S.C. 216(b),    )
                                    )
                Plaintiff,          )
        vs.                         )
                                    )
FIRST CLASS PARKING SYSTEMS LLC     )
a/k/a 1ST CLASS VALET SERVICE,      )
SEBASTIAN LOPEZ,                    )
JORGE ZULUAGA,                      )
                                    )
                Defendants.         )
_____ )

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO
STRIKE SUPPLEMENTAL AFFIDAVIT OF JAVIER CABRERA SAVINOVICH**

COME NOW the Plaintiffs, by and through undersigned counsel, and respond in

opposition to Defendants' Motion to Strike Supplemental Affidavit of Javier Cabrera Savinovich

[DE47-1 & 47-2] filed as [DE48], and in support thereof state as follows:

**INTRODUCTION**

1. On June 29, 2016, Defendants filed their Amended Motion for Summary Judgment

asking the Court to find as a matter of law that: a) there is no individual coverage for Plaintiffs

under the FLSA; (b) there is no enterprise coverage as to Defendants under the FLSA;[1] (c)

Plaintiffs have not carried their burden to show that they worked without overtime

---

[1] Defendants did not address the monetary threshold prong of $500,000 as Defendants meet the
monetary threshold requirement for the relevant years.

compensation; and (d) the individual Defendants, SEBASTIAN LOPEZ ("Lopez") and JORGE

ZULUAGA ("Zuluaga"), were not Plaintiffs' "employers" as defined by the Act. [DE35 & 36].[2]

2.  Plaintiffs filed their Response in Opposition [DE43 & 47] to Defendants' Amended

Motion [DE35 & 36].[3] Along with Plaintiffs' filing of [DE47], Plaintiffs filed a Supplemental

Affidavit of Plaintiff Savinovich which addresses facts relevant to interstate commerce,

specifically the fact that Defendants' employees on a regular and recurrent basis were handling

valet tickets which were printed by Southland Printing, Shreveport, L.A. [DE47-1 & 47-2].

3.  Defendants now move to strike Plaintiff Savinovich's Supplemental Affidavit [DE47-1 &

47-2] on the basis that said Supplemental Affidavit is untimely and prejudicial. [DE48].[4]

4.  Other than providing this Court will a brief procedural history of the case at bar and

making baseless accusations that Defendants will be prejudiced by Plaintiffs' recent filing

[DE47-1 & 47-2], Defendants are in violation of SDLR 7.1-A-1 in that they have failed to

---

[2] Defendants' Motion for Summary Judgment [DE39 & 30] was stricken by the Court *sua sponte* because it did not cite to the exact deposition lines and page numbers in accordance with S.D. Fla. L.R. 56.1(a).

[3] Plaintiffs filed an Amended Response in Opposition to Defendants' Amended Statement of Material Facts [DE47] as the Court *sua sponte* entered an Order striking Plaintiffs' Fact Statements for failing to comply with S.D. Fla. L.R. 56.1(a).

[4] Included in Defendants Motion to Strike the Supplemental Affidavit, however not included in Defendants' addendum clause and/or the relief sought by Defendants, is arguments regarding Defendants' contentions that Plaintiffs' Response in Opposition to Defendants' Amended Statement of Material Facts [DE47] does not comply with Local Rule 56.1(a) because the additional facts are interspersed throughout instead of placed at the end. Plaintiffs made every effort to comply with the Court's Order [DE45] and it was an oversight on the part of Counsel regarding the Court's instructions in [DE13] that all submissions must be double-spaced. The Court's have always held that cases should be decided on the merits and not be default.  See *Mitchell v. Brown & Williamson Tobacco Corp*., 294 F.3d 1309, 1316 (11th Cir. 2002)." *United States v. Johns*, 2006 U.S. Dist. LEXIS 24640 (N.D. Fla. 2006). As such, Plaintiffs respectfully request that should the Court deem Plaintiffs to not have complied with the Court's Order to allow Plaintiffs an extension of time to amend their Response in Opposition to Defendants' Amended Statement of Material Facts [DE47] so as to comply with [DE13]. Striking same would not only be an injustice but would also prejudice Plaintiffs.

include a Memorandum of Law in the Motion at bar. Defendants were required to cite authority

in support of their position pursuant to SDLR 7.1-A-1, and have failed to do so. In fact,

Defendants have failed to cite any legal grounds for their requested relief to demonstrate why

such order should be entered and their Motion [DE48] should be denied on this basis alone.

5. Defendants' request to strike Plaintiff Savinovich's Affidavit [DE47-1 & 47-2] is a

drastic sanction and not warranted in this case. Defendants have had in their possession, custody,

and control information regarding suppliers of thee valet tickets used by their employees during

the relevant time period and have known and/or had copies of said tickets throughout the entire

litigation. For Defendants to now argue that they will be prejudiced is extremely disingenuous.

6. Not only should Defendants' Motion [DE48] be denied in its entirety but Defendants

should be scrutinized for such bad faith litigation conduct that they have displayed by moving for

summary judgment on interstate commerce while withholding vital information (i.e. valet

tickets) responsive to Plaintiffs' Request for Production directed at each Defendant and part of

Defendants' duties to disclose under Rule 26.

7. Therefore, Plaintiffs claims are not scandalous, immaterial or improper and as a result

Defendants Motion to Strike [DE48] must be denied in its entirety. In the alternative, should the

Court determine that Plaintiffs should have sought leave to file Plaintiff's Affidavit [DE47-1 &

47-2], Plaintiffs respectfully request time to file Plaintiff's Affidavit [DE47-1 & 47-2] nunc pro

tunc or to have Plaintiffs' filings to be deemed timely filed.

## MEMORANDUM OF LAW

Plaintiffs contend that Defendants Motion to Strike [DE48] is used incorrectly in this setting.

Pursuant to Fed.R.Civ.P. 12(f), the court "may strike from a pleading an insufficient defense or

any redundant, immaterial, impertinent, or scandalous matter." The court "may strike from a

3

pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter;" the use of the word "may" indicates that it is in the Court's discretion. *Rodriguez v. Niagara Cleaning Servs.,* 2010 U.S. Dist. LEXIS 106516 (S.D. Fla. Sept. 23, 2010). Such was Judge Simonton's finding that a motion to strike should not be used in lieu of filing a substantive response:

> As ordered at the hearing, Plaintiffs' Motion to Strike is denied. Although Plaintiffs acknowledge that a motion to strike is a procedural tool used by courts to remove scandalous, immaterial or improper matter from the record (DE # 175 at 4), Plaintiffs nonetheless submitted the instant motion to strike in lieu of providing a substantive response to the Defendants' Motion to Strike Consents to Join. Such is an improper use of the motion to strike tool. Rather, if a motion is not well-taken, the opposing party should request that the motion be denied, rather than stricken. See, Federal Deposit Ins. Corp., v. Werner, 2010 U.S. Dist. LEXIS 18888, 2010 WL 796770 *1 (N.D. Ohio March 3, 2010) [*24] (citing Dawson v. City of Kent, 682 F.Supp. 920 (N.D. Ohio 1988), aff'd, 865 F.2d 257 (6th Cir. 1988) and opining that a motion that is not well-taken, should be denied, not stricken).

*Rodriguez v. Niagara Cleaning Servs*., 2010 U.S. Dist. LEXIS 106516 (S.D. Fla. Sept. 23, 2010).

In the case at bar, Plaintiffs filing of [DE47-1 &47-2] is not scandalous, immaterial, or improper from the record. On the contrary, Plaintiff's Affidavit [DE47-1 &47-2] would help aid the Court in narrowing down the issues to be tried in this case and in doing so it is vital for the Court to have all facts relevant to a determination on interstate commerce. Plaintiff's Affidavit [DE47-1 &47-2] is extremely material to the issues that are before the Court on Defendants' Motion for Summary Judgment.

Furthermore, the Court's have always held that cases should be decided on the merits and not be default.  See *Mitchell v. Brown & Williamson Tobacco Corp*., 294 F.3d 1309, 1316 (11th

Cir. 2002)." *United States v. Johns*, 2006 U.S. Dist. LEXIS 24640 (N.D. Fla. 2006). "Primary importance is accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration. *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996)" *Monticello* at 7.

In the case at bar, there is no prejudice to Defendants as Plaintiffs have supplemented the record with information that was in the possession, custody, and control of Defendants. Defendants' would be in the best position to identify their suppliers and where such products/supplies (i.e. valet tickets) were manufactured and/or produced during the relevant time period as such information would normally be found in the hands of the Defendant-employer for axiomatic reasons. *See also Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.,* 8:07-CV-2359T23TGW, 2008 WL 793660 (M.D. Fla. Mar. 24, 2008) (information related to gross sales is normally in the hands of the Defendant and not the hands of a lower level employee (i.e. Plaintiff)). It is most troubling to think that had Plaintiff Savinovich not located said valet ticket, while after discovery had closed but in time to enable Plaintiffs to respond in opposition to Defendants' Motion, the result could have resulted in a dramatic effect for Plaintiffs (i.e. dismissal with prejudice). While Defendants may be frustrated with Plaintiffs' filing of [DE47-1 & 47-2], Defendants' litigation tactics and withholding of such vital information/documents which were not only responsive to Plaintiffs' Request for Productions but also part of Defendants Rule 26 Disclosures is absolutely reprehensible. *See* Fed. R. Civ. P. 26(b); *See also Parsons v. General Motors Corp.,* 85 F.D.R. 724 (N.D. Ga. 1981); *See also Hickman v. Taylor,* 329 U.S. 495, 501 (1946) (Information is relevant if it is "germane, conceivably helpful to plaintiff, or reasonably calculated to lead to admissible evidence."). As soon as practicable, Plaintiff's counsel met with Plaintiff Savinovich and acted in good faith in the filing of Plaintiff's Affidavit

[DE47-1 &47-2] so that the Court would have a full picture of the factual record prior to making a determination that could potentially result in a dismissal of the instant action.

In *Rodriguez v. Jones Boat Yard, Inc.,* 2011 U.S. App. LEXIS 15509, *4 (11th Cir. 2011): "[u]nder the sham affidavit rule, "[a]n affidavit may be stricken as a sham 'when a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact . . . [and that party attempts] thereafter [to] create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.'" *Tippens v. Celotex Corp*., 805 F.2d 949, 954 (11th Cir. 1986) (citations omitted). The court making this determination must be careful to distinguish "between discrepancies which create transparent shams and discrepancies which create an issue of credibility or go to the weight of the evidence." Id. at 953."

Plaintiff Savinovich's Affidavit is not a "sham affidavit" and Plaintiff has provided a copy of the valet ticket which he refers to so that he is not making ambiguous statements. Further, Defendants' connotations that Plaintiffs were somehow suppressing relevant evidence by only producing said information at this stage in the litigation is completely irrational. Plaintiff's Affidavit contains information that is germane to establishing interstate commerce and Plaintiffs would be fools to withhold such vital information that could potentially result in a complete dismissal of their claims.

Lastly, Plaintiffs' failure to move for leave of Court should be deemed as excusable neglect pursuant 7(b)(1)(B) of the Federal Rules of Civil Procedure and as a result Plaintiffs' counsel would request an extension of time to file Plaintiff's Affidavit [DE47-1 & 47-2] nunc pro tunc or to have Plaintiffs' filings to be deemed timely filed.

THEREFORE, PLAINTIFFS CLAIMS ARE NOT SCANDALOUS, IMMATERIAL OR

IMPROPER AND AS A RESULT DEFENDANTS MOTION TO STRIKE [DE48] MUST BE DENIED IN ITS ENTIRETY. IN THE ALTERNATIVE, SHOULD THE COURT DETERMINE THAT PLAINTIFFS SHOULD HAVE SOUGHT LEAVE TO FILE PLAINTIFF'S AFFIDAVIT [DE47-1 & 47-2], PLAINTIFFS RESPECTFULLY REQUEST TIME TO FILE PLAINTIFF'S AFFIDAVIT [DE47-1 & 47-2] NUNC PRO TUNC OR TO HAVE PLAINTIFFS' FILINGS TO BE DEEMED TIMELY FILED.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
     Rivkah F. Jaff, Esquire
     Florida Bar No.: 107511

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 8/8/16 TO THE FOLLOWING:**

**LOWELL J. KUVIN, ESQ.**
**LAW OFFICE OF LOWELL J. KUVIN**
**17 EAST FLAGLER STREET, SUITE 223**
**TEL.: 305.358.6800**
**FAX: 305.358.6808**
**LOWELL@KUVINLAW.COM**
**MIAMI, FLORIDA 33131**

**BY:__/s/____Rivkah F. Jaff_____**
**RIVKAH F. JAFF, ESQ.**