**Defendants' Motion *In Limine* to Exclude any and all evidence, references to evidence, testimony or argument relating to: whether Plaintiffs were not paid their regular (straight time) wages for all hours they worked.**

This motion is based upon the grounds that Plaintiffs should not be allowed to confuse the jury as to whether they were paid their regular (straight-time) wages for every hour worked

Asalde admitted she was paid for every hour she worked (D.E. #29-4, p.30, lns. 18-22), but claims that she was not paid the overtime premium for the hours she worked over 40. *Id.* at p.28, lns.7-12.  Conde admitted that he was paid for all of the hours he worked (D.E. #29-2, p.12, lns.19-21), but claims that he was not paid the overtime premium (half-time) for hours worked over 40. *Id.* at p.35, lns. 2-11; p.40, lns. 12-16.  Savinovich admitted that that he was paid for all of the hours he worked (D.E. #29-3, p.59, lns.12-14), but claimed that he was not paid the overtime premium (half-time). *Id.* at p.59, lns.15-17 & lns. 21-24.

This motion is made under the provisions of Federal Rules of Evidence 403 and 401, and is based upon the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to or at the hearing of this matter.  Federal Rule of Evidence 403 allows the court to exclude evidence where there is a substantial danger that the probative value will be outweighed by the danger of undue prejudice or may mislead the jury. *See Old Chief v. U.S.*, 519 U.S. 172, 180-92, (1997).  The Court should therefore exclude any and all evidence, including any mention of evidence, relating to: whether Plaintiffs were not paid their regular (straight time) wages for all hours they worked.

**Defendants' Motion *In Limine* to Exclude any and all evidence, references to evidence, testimony or argument relating to: the uniforms, tickets, walkie-talkies or valet tickets.**

The only admissible evidence based upon personal knowledge is that is the aforementioned items were purchased in Florida by Defendant, FIRST CLASS PARKING SYSTEMS, LLC ("First Class").  Conversely, Plaintiffs have no personal knowledge of where these goods were purchased, by whom or when.

This motion is based upon the grounds that Plaintiffs should not be allowed to confuse the jury as to where any of these items were manufactured.  Such confusion would prejudice Defendants.  First Class was the ultimate consumer of these goods, and therefore there is no interstate commerce.  *See Thorne v. All Restoration Services, Inc.,* 448 F.3d 1264, 1267 (11th Cir. 2006); *Jimenez v. Southern Parking, Inc.*, 2008 WL 4279618, *8 (S.D. Fla. Sept. 16, 2008). *See also Navarro v. Broney Automotive Repairs, Inc.*, 314 Fed.Appx. 179 (11th Cir. 2008); *Navarro v. Broney Automotive Repairs, Inc.*, 533 F.Supp.2d 1223 (S.D. Fla. 2008), aff'd. *per curiam*, 314 Fed.Appx. 179 (11th Cir. 2008); *Dunlop v. Industrial America Corporation,* 516 F.2d 498, 499 (5th Cir.1975).[1]

This motion is made under the provisions of Federal Rules of Evidence 403 and 401, and is based upon the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to or at the hearing of this matter.  Federal Rule of Evidence 403 allows the court to exclude evidence where there is a substantial danger that the probative value will be outweighed by the danger of undue prejudice or may mislead the jury. *See Old Chief v. U.S.*, 519 U.S. 172, 180-92, (1997).  The Court should therefore exclude any and all evidence, including any mention of evidence, relating to: the uniforms, tickets, walkie-talkies or valet tickets.

---

[1] *See Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc)(decisions of the former Fifth Circuit handed down prior to October 1, 1981 are binding precedent).

**Defendants' Motion *In Limine* to Exclude any and all evidence, references to evidence, testimony or argument relating to: the valet ticket recently produced by Savinovich.**

On July 27, 2016, Plaintiffs filed a Supplemental Affidavit of Savinovich [D.E. #47-1], nine (9) days after Plaintiffs' deadline to respond to Defendants' Amended Motion for Summary Judgment, and well after the close of discovery. The Affidavit included a valet ticket with printing thereon stating, "Southland Printing, Shreveport, LA." D.E. #47-2. The Affidavit failed to properly authenticate the valet ticket and failed to provide any personal knowledge as to where the valet ticket was printed or purchased. Nevertheless, First Class already established that it *purchased its valet tickets within Florida* [D.E. #29-6, ¶¶10-11], and was the ultimate consumer of same. *See also* D.E. #49-3, p.23, ln.15 – p.24, ln.2.

This motion is based upon the grounds that Plaintiffs should not be allowed to confuse the jury as to where they speculate the valet ticket was printed or purchased. First Class purchased its valet tickets within Florida and was the ultimate consumer of same. "Ultimate consumers of products are not `engaged in commerce' just because they purchase products that have moved in interstate commerce." *Jimenez v. Southern Parking, Inc.*, 2008 WL 4279618, *8 (S.D. Fla. Sept. 16, 2008). *See also Thorne v. All Restoration Services, Inc.,* 448 F.3d 1264, 1267 (11th Cir. 2006).

This motion is made under the provisions of Federal Rules of Evidence 403 and 401, and is based upon the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to or at the hearing of this matter. Federal Rule of Evidence 403 allows the court to exclude evidence where there is a substantial danger that the probative value will be outweighed by the danger of undue prejudice or may mislead the jury. *See Old Chief v. U.S.*, 519 U.S. 172, 180-92, (1997). The Court should therefore exclude any and all evidence, including any mention of evidence, relating to: the valet ticket recently produced by Savinovich.

**Defendants' Motion *In Limine* to Exclude any and all evidence, references to evidence, testimony or argument relating to: whether First Class kept accurate time records.**

Although Plaintiffs repeatedly allege that Defendants failed to keep adequate time records (D.E. #43, pp.15-17), this allegation is untrue.  Defendants produced 344 pages of documents in response to Plaintiffs' discovery demands which included time records and paystubs for each of the Plaintiffs.  *See* Responses to Plaintiffs' First Request for Production at D.E. #49-2.[1]  Furthermore, each of the Plaintiffs admitted that *there was never a shift that they worked for First Class for which they were not paid*. [D.E. #29-3, p.59, lns.12-14; D.E. #29-2, p.12, ln.19-21; p.35, lns.2-11; p.40, lns.12-16; D.E. #29-4, p.28, lns.7-12; p.30, lns.18-22].  This admission leads to the inescapable conclusion that First Class' time records are accurate.

This motion is based upon the grounds that Plaintiffs should not be allowed to confuse the jury as to whether First Class kept accurate time records.  Such confusion would prejudice Defendants.

This motion is made under the provisions of Federal Rules of Evidence 403 and 401, and is based upon the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to or at the hearing of this matter.  The Court has the inherent power to grant a motion *in limine* to exclude evidence that could be objected to at trial.  *See Luce v. U.S.*, 469 U.S. 38, 41 (1984).  Federal Rule of Evidence 403 allows the court to exclude evidence where there is a substantial danger that the probative value will be outweighed by the danger of undue prejudice or may mislead the jury. *See Old Chief v. U.S.*, 519 U.S. 172, 180-92, (1997).  The Court should therefore exclude any and all evidence, including any mention of evidence, relating to: whether First Class kept accurate time records.

---

[1] Plaintiffs have not filed these records with the Court because they contain information about First Class' other employees who are not parties to this action.  However, First Class will do so upon request.

**Defendants' Motion *In Limine* to Exclude any and all evidence, references to evidence, testimony or argument relating to: whether the vehicles parked by Plaintiffs were "materials" under the FLSA and where the vehicles originated.**

This motion is based upon the grounds that Plaintiffs should not be allowed to confuse the jury as to whether the vehicles parked by Plaintiffs were "materials" under the FLSA and where the vehicles originated.  The customers' vehicles are finished "goods" (subject to the ultimate consumer exception), not materials.[1]  Where the vehicles originated from is irrelevant if the vehicles had already been purchased by their ultimate users because, "Ultimate consumers of products are not `engaged in commerce' just because they purchase products that have moved in interstate commerce." *Jimenez v. Southern Parking, Inc.*, 2008 WL 4279618, *8 (S.D. Fla. Sept. 16, 2008).  *See also Thorne v. All Restoration Services, Inc.,* 448 F.3d 1264, 1267 (11th Cir. 2006).  As this Court found in another FLSA case cited by Plaintiffs, "the automobiles at issue in this case are not `materials' for purposes of the FLSA because they are not elements of the goods or goods that are consumed in the employer's business, rather they are the `goods' themselves." *Rodilla, v. TFC-RB, LLC,* 2009 WL 3720892, *13 (S.D.Fla. November 4, 2009).

This motion is made under the provisions of Federal Rules of Evidence 403 and 401, and is based upon the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to or at the hearing of this matter.  Federal Rule of Evidence 403 allows the court to exclude evidence where there is a substantial danger that the probative value will be outweighed by the danger of undue prejudice or may mislead the jury. *See Old Chief v. U.S.*, 519 U.S. 172, 180-92, (1997).  The Court should therefore exclude any and all evidence, including any mention of evidence, relating to: whether the vehicles parked by Plaintiffs were "materials" under the FLSA and where the vehicles originated.

---

[1] If Plaintiffs' reasoning was correct, the vehicles to be parked would initially be "goods" (subject to the ultimate consumer exception), but then be converted into "materials" when the valet parked the  vehicle, and converted back into "goods" when the valet retrieved the vehicle for the owner.  Plaintiffs' tortured interpretation of "materials" goes too far.

**Defendants' Motion *In Limine* to Exclude any and all evidence, references to evidence, testimony or argument relating to: Plaintiffs' use of credit cards prior to the relevant 3-year time period.**

This motion is based upon the grounds that Plaintiffs should not be allowed to confuse the jury as to whether they used credit cards during the relevant time period.  Plaintiffs testified that they used credit cards in 2012.  The Complaint in this action was filed on January 5, 2016 [D.E. #1] for violations of the FLSA.  At most, the relevant time period is three (3) years.  Therefore, the Court should exclude any and all evidence, including any mention of evidence, relating to: whether Plaintiffs used credit cards during the relevant time period.

This motion is made under the provisions of Federal Rules of Evidence 403 and 401, and the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to or at the hearing of this matter.  The Court has the inherent power to grant a motion *in limine* to exclude evidence that could be objected to at trial.  *See Luce v. U.S.*, 469 U.S. 38, 41 (1984).  Federal Rule of Evidence 402 states in pertinent part, "Irrelevant evidence is not admissible."  Federal Rule of Evidence 401 provides that "evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  *See Huddleston v. U.S.*, 485 U.S. 681, 682-92 (1988).  The court has no discretion to admit irrelevant evidence.  *See U.S. v. Dean*, 980 F.2d 1286, 1288-89 (9th Cir. 1992).  Federal Rule of Evidence 403 allows the court to exclude evidence where there is a substantial danger that the probative value will be outweighed by the danger of undue prejudice or may mislead the jury. *See Old Chief v. U.S.*, 519 U.S. 172, 180-92, (1997).  The Court should therefore exclude any and all evidence, including any mention of evidence, relating to: whether Plaintiffs used credit cards during the relevant time period.

**Defendants' Motion *In Limine* to Exclude any and all evidence, references to evidence, testimony or argument relating to: Defendants' affiliates or any non-defendants corporations.**

The existence of affiliates of Defendants such as other corporations owned pr previously owned by Defendants should be excluded as they are irrelevant to this action and would be highly prejudicial to Defendants.  The jury may infer that because Defendants have more than one company, Defendants are very wealthy and can afford to pay.

This motion is made under the provisions of Federal Rules of Evidence 403 and 401, and the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to or at the hearing of this matter.  The Court has the inherent power to grant a motion *in limine* to exclude evidence that could be objected to at trial.  *See Luce v. U.S.*, 469 U.S. 38, 41 (1984).  Federal Rule of Evidence 402 states in pertinent part, "Irrelevant evidence is not admissible."  Federal Rule of Evidence 401 provides that "evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  *See Huddleston v. U.S.*, 485 U.S. 681, 682-92 (1988).  The court has no discretion to admit irrelevant evidence.  *See U.S. v. Dean*, 980 F.2d 1286, 1288-89 (9th Cir. 1992).  The Court should therefore exclude any and all evidence, including any mention of evidence, relating to Defendants' affiliates or any non-defendants corporations.

**Defendants' Motion _In Limine_ to Exclude any and all evidence, references to evidence, testimony or argument relating to: any other law suits against Defendants.**

The existence of other law suits against any of the Defendants is irrelevant to this action and should be excluded as it would be highly prejudicial to Defendants.  The jury may infer that because other lawsuits exist against any of the Defendants, that those law suits were decided against Defendants, and that therefore the jury should decide the instant case against Defendants.

This motion is made under the provisions of Federal Rules of Evidence 403 and 401, and the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to or at the hearing of this matter.  The Court has the inherent power to grant a motion _in limine_ to exclude evidence that could be objected to at trial.  _See Luce v. U.S._, 469 U.S. 38, 41 (1984).  Federal Rule of Evidence 402 states in pertinent part, "Irrelevant evidence is not admissible."  Federal Rule of Evidence 401 provides that "evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  _See Huddleston v. U.S._, 485 U.S. 681, 682-92 (1988).  The court has no discretion to admit irrelevant evidence.  _See U.S. v. Dean_, 980 F.2d 1286, 1288-89 (9th Cir. 1992).  The Court should therefore exclude any and all evidence, including any mention of evidence, relating to ny other law suits against Defendants.

**Defendants' Motion *In Limine* to Exclude any and all evidence, references to evidence, testimony or argument relating to: any hours worked prior to the relevant time period which is 3 years from the date of filing the Complaint.**

This motion is based upon the grounds that Plaintiffs should not be allowed to confuse the jury as to the hours they worked prior to the relevant time period which is three (3) years from the date of filing the Complaint.  As the Complaint was filed on January 5, 2016 [D.E. #1], the relevant time period is January 6, 2013 through January 5, 2016.  Therefore, the Court should therefore exclude any and all evidence, including any mention of evidence, relating to: hours worked prior to the relevant 3-year time period.

This motion is made under the provisions of Federal Rules of Evidence 403 and 401, and the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to or at the hearing of this matter.  The Court has the inherent power to grant a motion *in limine* to exclude evidence that could be objected to at trial.  *See Luce v. U.S.*, 469 U.S. 38, 41 (1984).  Federal Rule of Evidence 402 states in pertinent part, "Irrelevant evidence is not admissible."  Federal Rule of Evidence 401 provides that "evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  *See Huddleston v. U.S.*, 485 U.S. 681, 682-92 (1988).  The court has no discretion to admit irrelevant evidence.  *See U.S. v. Dean*, 980 F.2d 1286, 1288-89 (9th Cir. 1992).  Federal Rule of Evidence 403 allows the court to exclude evidence where there is a substantial danger that the probative value will be outweighed by the danger of undue prejudice or may mislead the jury. *See Old Chief v. U.S.*, 519 U.S. 172, 180-92, (1997).  The Court should therefore exclude any and all evidence, including any mention of evidence, relating to: any hours worked prior to relevant time period which is 3 years from the date of filing the Complaint.

**Defendants' Motion *In Limine* to Exclude any and all evidence, references to evidence, testimony or argument relating to: whether Plaintiffs drove the vehicles to be parked outside of the parking lots or parking areas.**

This motion is based upon the grounds that Plaintiffs all admitted that they only drove the vehicles in the parking lots or parking areas lots while working for First Class.  Plaintiffs should therefore be precluded from stating that they drove the vehicles outside of the parking lots or parking areas.

This motion is made under the provisions of Federal Rules of Evidence 403 and 401, and the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to or at the hearing of this matter.  The Court has the inherent power to grant a motion *in limine* to exclude evidence that could be objected to at trial.  *See Luce v. U.S.*, 469 U.S. 38, 41 (1984).  Federal Rule of Evidence 402 states in pertinent part, "Irrelevant evidence is not admissible."  Federal Rule of Evidence 401 provides that "evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  *See Huddleston v. U.S.*, 485 U.S. 681, 682-92 (1988).  The court has no discretion to admit irrelevant evidence.  *See U.S. v. Dean*, 980 F.2d 1286, 1288-89 (9th Cir. 1992).  Federal Rule of Evidence 403 allows the court to exclude evidence where there is a substantial danger that the probative value will be outweighed by the danger of undue prejudice or may mislead the jury. *See Old Chief v. U.S.*, 519 U.S. 172, 180-92, (1997).  The Court should therefore exclude any and all evidence, including any mention of evidence, relating to: whether Plaintiffs drove the vehicles to be parked outside of the parking lots or parking areas.

**Defendants' Motion *In Limine* to Exclude any and all evidence, references to evidence, testimony or argument relating to: the fact that Plaintiff Asalde's brother and father had previous claims or lawsuits against Defendants or Defendants' affiliates.**

Plaintiff Asalde's brother and father had law suits against Defendants and their affiliates. The existence of those law suits and Asalde's familial relationship to the plaintiffs in those law suits should be excluded as they are irrelevant to this action and would be highly prejudicial to Defendants. The jury may infer that because Aslade's brother and father had law suits against Defendants, that those law suits were decided against Defendants, and that therefore the jury should decide the instant case against Defendants.

This motion is made under the provisions of Federal Rules of Evidence 403 and 401, and the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to or at the hearing of this matter. The Court has the inherent power to grant a motion *in limine* to exclude evidence that could be objected to at trial. *See Luce v. U.S.*, 469 U.S. 38, 41 (1984). Federal Rule of Evidence 402 states in pertinent part, "Irrelevant evidence is not admissible." Federal Rule of Evidence 401 provides that "evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *See Huddleston v. U.S.*, 485 U.S. 681, 682-92 (1988). The court has no discretion to admit irrelevant evidence. *See U.S. v. Dean*, 980 F.2d 1286, 1288-89 (9th Cir. 1992). The Court should therefore exclude any and all evidence, including any mention of evidence, relating to the fact that Plaintiff Asalde's brother and father had previous claims or lawsuits against Defendants or Defendants' affiliates.