**I.      Plaintiffs' Response in Opposition to Defendants' Motion *In Limine* to Exclude Any and All Evidence, Testimony, or Argument Relating to Whether Plaintiffs Were Not Paid for All Hours They Worked.**

Plaintiffs in their Response in Opposition to Defendants' Amended Statement of Material Facts [DE47], Plaintiffs specifically reserve their right to seek time and one-half damages for any other completely unpaid overtime hours should the facts adduced in discovery justify same. The Jury needs to be able to hear all evidence regarding the pay structures for each Plaintiff. If the Jury determines that Plaintiffs were not paid for all hours worked, Plaintiffs should be entitled to have the Jury decide the amount of damages related to same. The Court also "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Any potential probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues in this FLSA matter as contemplated by Rule 403. This is also relevant to the fact that other employees had knowledge regarding Defendants conduct and work policies and will assist in the focus of the merits of the case and benefit the jury's role in this matter which are also relevant to issue related to Defendants recklessly or willfully violated the wage laws.

**II.     Plaintiffs' Response in Opposition to Defendants' Motion *In Limine* to Exclude Any and All Evidence, Reference to Evidence, Testimony, or Argument Relating to The Uniforms, Tickets, Walkie-Talkies, or Valet Tickets.**

Defendants are contesting FLSA coverage/subject-matter jurisdiction, specifically the interstate commerce prong. *See Saucedo v. Phoenix Auto Sales, Inc.,* Case No. 08-cv-21156-Altonaga/Brown [DE54, FN5] (S.D. Fla. 1/5/09); *Polycarpe et al. v. E & S Landscaping*, 616 F.3d 1217 (11th Cir. 2010). Such evidence and testimony Defendants are seeking to exclude would go directly to issues related to whether two or more **employees** (which is not limited to the Plaintiffs) regularly and recurrently engaged in handling, selling, or otherwise working on goods that have been moved in or produced for commerce. *See Galdames v. N & D Inv. Corp.*, 21 Fla. L. Weekly Fed. D 529 (S.D. Fla. 2008), aff'd, 432 Fed. Appx. 801 (11th Cir. 2011). *Galdames supra* clarifies (under enterprise coverage) that it is sufficient if "**two or more employees** engaged in such activities, and does not require that it be the individuals bringing suit." Id. *See also*, *Exime v. E.W. Ventures, Inc.,* 591 F. Supp. 2d 1364, 1373 (S.D. Fla. 2008)("Plaintiff must also demonstrate that Defendants' employees handled interstate material on a "regular and recurrent" basis. *See* 29 C.F.R. § 779.238"); *Olson v. Star Lift Inc.,* 709 F. Supp. 2d 1351, 1355 (S.D. Fla. 2010)(emphasis added)("Because no evidence produced at trial established that Defendants had **two or more employees** regularly and recurrently engaged in handling, selling, or otherwise working on goods that have been moved in or produced for commerce, there is no enterprise coverage in this case."). Therefore, clearly Plaintiffs' uniforms, tickets, walkie-talkies or valet tickets is directly relevant to interstate commerce. Any potential probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues in this FLSA matter as contemplated by Rule 403.

**III.     Plaintiffs' Response in Opposition to Defendants' Motion *In Limine* to Exclude Any and All Evidence, Reference to Evidence, Testimony, or Argument Relating to the Valet Ticket Recently Produced by Plaintiff Savinovich.**

Plaintiffs refer and incorporate all arguments and applicable authority as set forth in Section II above. *See also Rodilla, et al. v. TFC-RB, LLC, et al.,* Case No. 08-cv-21352-AMS [DE100] (S.D. Fla. 11/04/09). There is no prejudice to Defendants should Plaintiff's valet ticket be admitted into evidence as said information was in the possession, custody, and control of Defendants. Defendants' would be in the best position to identify their suppliers and where such products/supplies (i.e. valet tickets) were manufactured and/or produced during the relevant time period as such information would normally be found in the hands of the Defendant-employer for axiomatic reasons. *See also Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.,* 8:07-CV-2359T23TGW, 2008 WL 793660 (M.D. Fla. Mar. 24, 2008). It is most troubling to think that had Plaintiff Savinovich not located said valet ticket, while after discovery had closed but in time to enable Plaintiffs to respond in opposition to Defendants' Motion, the result could have resulted in a dramatic effect for Plaintiffs (i.e. dismissal with prejudice). *See* Fed. R. Civ. P. 26(b); *See also Parsons v. General Motors Corp.,* 85 F.D.R. 724 (N.D. Ga. 1981); *See also Hickman v. Taylor,* 329 U.S. 495, 501 (1946) (Information is relevant if it is "germane, conceivably helpful to plaintiff, or reasonably calculated to lead to admissible evidence."). The "crucial test is the nature of the activities of the employee, rather than the general character of the employer's business. *Writz v. Whol Shoe Co.*, 382 F.2d 848, 850 (5th Cir. 1967)." *Brennan v. Wilson Bldg., Inc.*, 478 F.2d 1090 at 1094 (5th Cir. 1973).Therefore, clearly the valet ticket produced by Plaintiff Savinovich is directly relevant to interstate commerce and can be further validated by the testimony elicited from Defendants' suppliers.

**IV.     Plaintiffs' Response in Opposition to Defendants' Motion *In Limine* to Exclude Any and All Evidence, Reference to Evidence, Testimony, or Argument Relating to Whether the Corporate Defendant Kept Accurate Time Records.**

The onus is on Defendants to keep accurate and complete time records under *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946), and moreover, there are very specific records that must be kept pursuant to 29 CFR 516.2. "Where the employer's records of work time are inaccurate [or completely missing] and the employee cannot offer convincing substitutes . . . [] the employee has carried out [his/her] burden if he/she proves that he/she has in fact performed work for which he/she has been improperly compensated and if he/she produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.  The burden then shifts to the employer…" *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946). The dramatic effect of an employer's failure to maintain adequate records as required with respect to calculation of FLSA damages can be seen in *Reeves v. International Telephone and Telegraph Corporation*, 616 F.2d 1342, 1351 (5th Cir. 1980), *citing, among other cases, Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 687 (1946); *See also Reeves* is binding old 5th Circuit precedent in the 11th Circuit as such was decided prior to close of business October 1, 1981.  *See, Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981).  To the extent that Defendants' argue that Plaintiffs cannot allege for certain the dates they worked for Defendants and how many hours they worked per week and cannot for certain allege that they worked the amount of hours as alleged it is vital for Plaintiffs to be able to elicit testimony and introduce any evidence related to Defendants' failure to maintain adequate time records and any potential probative value is substantially outweighed by the danger of unfair prejudice as contemplated by Rule 403.

**V.    Plaintiffs' Response in Opposition to Defendants' Motion *In Limine* to Exclude Any and All Evidence, Reference to Evidence, Testimony, or Argument Relating to Whether the Vehicles Parked by Plaintiffs were "Materials" Under the FLSA and Where the Vehicles Originated.**

Plaintiffs refer and incorporate all arguments and applicable authority as set forth in Section II and III above. Defendants seem to want to have their cake and eat it too. They are contesting FLSA coverage/subject-matter jurisdiction, specifically interstate commerce, and want to exclude all relevant evidence and/or testimony related to same claiming, in bad-faith, that it will unfairly prejudice and/or confuse the Jury. *Polycarpe* is on point and makes it clear that Defendants' enterprise is a covered enterprise because Plaintiffs handled materials that travelled through interstate commerce as the essential function of their jobs. *Polycarpe et al. v. E & S Landscaping*, 616 F.3d 1217 (11th Cir. 2010). In the instant case the materials are the cars parked/retrieved for customers, there were more than one valet employees parking/retrieving said cars, and the parking/retrieving of cars is the whole point of Defendants' valet business. Simply put, cars are interstate in nature, especially the wide variety at issue according to the record. Intrinsic to a valet parking service is the handling of items that have moved through interstate commerce, cars/vehicles. Considering the State of Florida does not produce cars, it is safe to assume that the cars that Plaintiffs parked/retrieved moved through interstate commerce, if for no other reason than to get from the manufacturer to the consumer of the vehicles. *See Brennan v. Wilson Bldg., Inc.,* 478 F.2d 1090 (5th Cir. 1973); *See also Mitchell v. Sunshine Dep't Stores, Inc.*, 292 F.2d 645 (5th Cir. 1961). At a minimum in the vehicles' trip from the manufacturer to the dealership was interstate. If Mercedes, Mazda and the other manufacturers accidently manufactured some of the cars in Florida, such would be inconsequential, "No Deminimus rule applies to the Act; any regular contact with commerce no matter how small, will result in coverage." *Marshall v. Victoria Tansp. Co., Inc.*, 603 F.2d 1122 at 1124 (5th Cir. 1979).

**VI.     Plaintiffs' Response in Opposition to Defendants' Motion *In Limine* to Exclude Any and All Evidence, Reference to Evidence, Testimony, or Argument Relating to Plaintiff's Use of Credit Cards Prior to the Relevant 3-year Time Period.**

As set forth in *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1266-1267 (11th Cir. Fla. 2006)(emphasis added),

> The Supreme Court has articulated that it is the intent of Congress to regulate only activities constituting interstate commerce, not activities merely affecting commerce. McLeod v. Threlkeld, 319 U.S. 491, 497, 63 S. Ct. 1248, 87 L. Ed. 1538. [**6]  Therefore, HN5for an employee to be "engaged in commerce" under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel. 29 C.F.R. § 776.23(d)(2)(2005); 29 C.F.R. § 776.24 (2005). See, e.g., McLeod, 319 U.S. at 493-98 (finding that plaintiff's activities were purely local, and he was not engaged in commerce when he merely cooked and cleaned for railroad workers). In the case at issue, there was no evidence at trial that Thorne worked for an instrumentality of interstate commerce, and Thorne only argues that he regularly used the instrumentalities of interstate commerce in his work by using  [*1267]  Appellees' credit cards to make purchases for the business.

In addressing *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1264-65 (11th Cir. 2006),[1] defendants too strictly attempt to limit the importance of the "ultimate consumer", who merely purchases goods that previously moved in interstate commerce for intrastate use." *Id*. at 1267. Such is why the *Thorne* court analyzed *Dunlop v. Industrial America Corporation*, 516 F.2d 498 (5th Cir. 1975). Plaintiff was "engaged in commerce" under the FLSA as he was regularly using the instrumentalities of interstate commerce in his work by regularly and recurrently utilizing interstate telephone and the international wire system to charge clients. This is also relevant to background information regarding Plaintiffs' job duties and the policies in place.

---

[1] *Thorne* is controlling in this Circuit as to individual coverage under the FLSA.

**6** of **16**

## VII. Plaintiffs' Response in Opposition to Defendants' Motion *In Limine* to Exclude Any and All Evidence, Reference to Evidence, Testimony, or Argument Relating to Defendants' Affiliates or Any Non-Defendants Corporations.

Defendants' affiliates and any non-Defendants Corporations is germane in any type of FLSA wage and hour case. Defendant is contesting FLSA coverage/subject-matter jurisdiction, specifically, interstate commerce and evidence will be required at Trial regarding interstate commerce for the relevant years. Said financial information is relevant to the volume of business to support the hours Plaintiff is claiming in overtime, particularly those hours she is claiming Plaintiffs worked Defendants. Evidence regarding the volume of business, based on Defendants' financial resources or disparity in resources is relevant to establish for the Jury the volume of business in relation to the wages paid to Plaintiffs, which would support Plaintiffs' overtime claims to the extent Plaintiffs were involved (based on the volume of business done an inference can be made as to the amount of hours Plaintiffs and other employees were required to work for Defendants - and it creates an inference of hours Plaintiffs worked in relation to the corporations' business done. Undoubtedly, this is relevant to not only the volume of business in relation to the number of hours worked by Plaintiffs but is also germane to whether Plaintiffs and other employees were being paid on an hourly basis, salaried basis, and/or paid overtime for work performed, and relevant to whether such "worker" are being misclassified. Such is therefore relevant to Defendants' wage and hour policies concerning their employees. Said information can also be used to impeach the Defendants at Trial. This is also important regarding other lawsuits regarding the Defendants' willful and/or reckless FLSA violations, which is important relative to the limitations period. Moreover, such evidence impacts the issue of good faith regarding whether liquidated damages will be imposed should Plaintiffs prevail at trial. *See also* Section VIII below.

**VIII.   Plaintiffs' Response in Opposition to Defendants' Motion *In Limine*  to Exclude Any and All Evidence, Reference to Evidence, Testimony, or Argument Relating to Other Lawsuits Involving Defendants.**

Plaintiffs refer and incorporate all arguments and applicable authority as set forth Section VII above. Evidence and testimony regarding Defendants' other lawsuits is relevant and important to the issue of good faith and willfulness.  Plaintiffs need to show Defendants recklessly or willfully violated the overtime and minimum wage laws or their claims could be reduced from the three year limitations period afforded by the FLSA to two years. Moreover, as set forth below imposition of liquidated doubling of the wage damages requires Defendants to demonstrate they acted in good faith. *See also Davila v. Menendez*, 717 F.3d 1179, 1181 (11th Cir. 2013)(If the jury had found that the Menendezes willfully violated the minimum wage laws, the time for which Davila could have recovered unpaid wages would have been extended from four years to five years. *See* Fla. Const. Art. 10, § 24(e)). As to good faith, such testimony at trial will assist the jury in understanding Defendants' continued practice of FLSA violations and failure to take affirmative steps to ensure wage and hour compliance. Especially in light of the fact that several of the prior and/or pending lawsuits against Defendants are regarding unpaid overtime and/or minimum wages and/or misclassification of employees as independent contractors and the resulting violations of the applicable Federal and Florida laws. *See also Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.,* 515 F.3d 1150 (11th Cir. 2008), when a jury finds that defendants acted willfully the Court has no discretion to find that such defendants acted in good faith (in which case liquidated damages would necessarily be imposed).  While it is true that liquidated damages are decided by the Court post-trial if the Plaintiffs prevail, the Court should also hear the testimony so that any ruling on liquidated damages is based on all the evidence concerning whether the Defendants acted in good faith.

### IX.     Plaintiffs' Response in Opposition to Defendants' Motion *In Limine* to Exclude Any and All Evidence, Reference to Evidence, Testimony, or Argument Relating to Any Hours Worked Prior to the Relevant Time Period.

Evidence and testimony regarding the hours worked by Plaintiffs prior to relevant time period is relevant and important to the issue of good faith and willfulness. Plaintiffs need to show Defendants recklessly or willfully violated the overtime and minimum wage laws or their claims could be reduced from the three year limitations period afforded by the FLSA to two years (the Florida Constitution is five years for overtime and minimum wage violations if willfulness is shown, otherwise only to four years). Moreover, as set forth below imposition of liquidated doubling of the wage damages requires Defendants to demonstrate they acted in good faith.  As to willfulness, s*ee Davila v. Menendez*, 717 F.3d 1179, 1181 (11th Cir. 2013)(If the jury had found that the Menendezes willfully violated the minimum wage laws, the time for which Davila could have recovered unpaid wages would have been extended from four years to five years. *See* Fla. Const. Art. 10, § 24(e)). As to good faith, such testimony at trial will assist the jury in understanding Defendants' continued practice of FLSA violations and failure to take affirmative steps to ensure wage and hour compliance. Especially in light of the fact that several of the prior and/or pending lawsuits against Defendants are regarding unpaid overtime and/or minimum wages and/or misclassification of employees as independent contractors and the resulting violations of the applicable Federal and Florida laws. Pursuant to the Eleventh Circuit ruling in *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.,* 515 F.3d 1150 (11th Cir. 2008), when a jury finds that defendants acted willfully the Court has no discretion to find that such defendants acted in good faith (in which case liquidated damages would necessarily be imposed).  Herein any potential probative value is **not** substantially outweighed by the danger of unfair prejudice and confusion of the issues in this FLSA matter as contemplated by Rule 403.

**X.     Plaintiffs' Response in Opposition to Defendants' Motion *In Limine* to Exclude Any and All Evidence, Reference to Evidence, Testimony, or Argument Relating to Whether Plaintiffs Drove the Vehicles to be Parked Outside of the Parking Lots or Parking Areas.**

Plaintiffs refer and incorporate all arguments and applicable authority as set forth in Section II, III, V, VI above.  As the Supreme Court held in 1943, in *McLeod v. Threkeld* and *Overstreet v. North Shore Corp.,* the words "engaged in commerce" should be broadly construed to extend the reach of The Act. *See, McLeod v. Threkeld*, 319 U.S. 491 at 501 (1943)&*Overstreet v. North Shore Corp.*, 318 U.S. 125 (1943). n the instant case the question is whether valeting a car that has previously traveled through interstate commerce, is sufficient to extend coverage under the handling clause of The Act. The Court's precedent easily supports this conclusion. *See also Polycarpe,* 616 F.3d at 1221; *Brennan v. Green's Propane Gas Service, Inc.*, 479 F.2d 1027 (5th Cir. 1973). The job of a valet is to handle a vehicle that has been moved in or produced for interstate commerce, and provide the service of parking said vehicle and then retrieving it. If nothing else a valet handles and otherwise works on a vehicle in both parking and delivering the vehicle. This is the central function of Plaintiffs' job for Defendants, and Defendants' business activities in general. *See Mitchell v. Sunshine Dep't Stores, Inc.*, 292 F.2d 645 (5th Cir. 1961). This Court in *Polycarpe* holds that "'materials' in the FLSA means tools or other articles necessary for doing or making something." *Ploycarpe*, 616 F.3d at 1224. To perform the services of a valet, the vehicle being parked/retrieved is a necessary article. The item that is being used by the commercial operation of Defendants' valet service is the vehicle being parked. This Court holds in *Polycarpe* that the material must have a significant and not incidental relationship to the business activity. The business activity of Defendants' valet company was the parking of vehicles, making the vehicles significantly related to the business activity of Defendants. The vehicles were clearly handled under this Court's standard of what constitutes handling.     I

**XI.     Plaintiffs' Response in Opposition to Defendants' Motion *In Limine* to Exclude Any and All Evidence, Reference to Evidence, Testimony, or Argument Relating to the Fact that Plaintiff Asalde's Brother and Father Had Previous Claims or Lawsuit Against Defendants or Defendants' Affiliates.**

Plaintiffs refer and incorporate all arguments and applicable authority as set forth Section VII, VIII, IX, above. Plaintiffs seek an opportunity to show the extent of Defendant's wage policies, and brazen violations that were known to Defendant's other employees (i.e. Asalde's father and brother) which tend to show that Defendant at least knew or should have known about the violations and that said employees were covered employees under the Act. Any potential probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues in this FLSA matter as contemplated by Rule 403.

**XII.    In The Alternative, Defendant' Should Re-Raise The Issue Of Admissibility For Each Basis It Moved On At Trial, Should The Need Arise.**

If the Court will not deny Defendants' Motion *In Limine* with prejudice in its entirety, the Court should decided the issues of admissibility if and when evidence relevant to their Motion is sought to be introduced at Trial. *See Gordils et al. v. Ocean Drive Limousines, Inc., et al.*, Case No. 12-24358-CIV-KING [DE158] (the Court found it was premature to make an evidentiary ruling on issues regarding the exclusion of the individual Defendant's character evidence prior to trial" and that "the Court will decide on admissibility of this evidence if and when the parties seek to introduce it at trial."). In the case at bar, should the Court not adopt Plaintiffs' position and deny Defendants' Motion, Plaintiffs respectfully request the Court decide admissibility of this evidence if and when the parties seek to introduce it at trial.

A. **<u>Reference To Attorneys' Fees and Costs.</u>**

Defendants have agreed to stipulate that there will be no reference to attorney fees and costs at Trial.[2] Plaintiffs, therefore, respectfully request an Order excluding said references. Thus, any reference to attorney fees and costs pursuant to 29 U.S.C. 216(b) or otherwise should be excluded under Rule 403 of the Federal Rules of Evidence as any potential probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues in this FLSA matter. The issue of attorney fees and costs are matters decided by the Court post trial and not by the jury and would be irrelevant and prejudicial as it would cause confusion and take the focus off of the merits of the case. Attorneys' fees and costs have no probative value and would not benefit the jury's role in this matter. As such, any reference to attorney fees and costs at trial should be excluded.

Wherefore, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion in *Limine* and exclude any reference to attorneys' fees and costs at trial.

---

[2] While counsel agreed to stipulate to exclude any references to attorneys fees, costs, and/or liquidated damages at Trial in the Joint Pretrial Stipulation, in an abundance of caution the undersigned filed the pending Motion.

### B. <u>Reference To Liquidated Damages.</u>

Defendants have agreed to stipulate that there will be no reference to liquidated damages at Trial.[3] The FLSA makes doubling of a wage award mandatory under the Statute absent a showing of good faith. *See, Joiner v. Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987). *See also*, *Reeves v. International Tel. & Tel. Corp.*, 616 F.2d 1342 (5th Cir. 1980). However, such issue of doubling is determined by the Court post-trial (as is the case with attorneys' fees if Plaintiffs prevail). Because liquidated damages are determined by the Court post-trial, the jury has no need to hear about them. The issue of liquidated damages would thus confuse the jury as they have no need (with respect to the damages sought under the FLSA) to hear about figures that double the wages claimed, and such is irrelevant.

Wherefore, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion in *Limine* and exclude any reference to liquidated damages at trial.

---

[3] While counsel agreed to stipulate to exclude any references to attorneys fees, costs, and/or liquidated damages at Trial in the Joint Pretrial Stipulation, in an abundance of caution the undersigned filed the pending Motion.

### C. Reference To Undersigned Firm's Representation Of Plaintiffs.

Defendants have agreed to stipulate that there will be no reference to issues concerning the undersigned Firm's representation of Plaintiffs, how Plaintiffs obtained same, fee/retainer agreement, or otherwise should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and would not benefit the jury's role in this matter.[4] As a general matter, the Court should exclude evidence or references where the probative value is substantially outweighed by the prospect of prejudice. *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 505 F. Supp 1125, 1146 (E.D. Pa. 1980), *aff'd in part*, 723 F.2d 238 (3rd Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986). *See*, Fed. R. Evid. Rule 403. The Jury has no need to hear issues concerning the undersigned Firm's representation of Plaintiffs, how Plaintiffs obtained same, or otherwise, because such issues would likewise only serve to prejudice the jury, and testimony regarding same would be irrelevant and prejudicial as it would cause confusion and take the focus off of the merits of the case.

Wherefore, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion in *Limine* and exclude reference to issues concerning the undersigned Firm's representation of Plaintiffs, how Plaintiffs obtained same, fee/retainer agreement, or otherwise.

---

[4] While counsel agreed to stipulate to exclude any references to attorneys fees, costs, and/or liquidated damages at Trial in the Joint Pretrial Stipulation, in an abundance of caution the undersigned filed the pending Motion.

### D. Reference To Plaintiff Savinovich's Arrests, Convictions, And Pleas Of *No Lo Contendere*, If Any.

Any reference to Plaintiff Savinovich's arrests, convictions, and pleas of *no lo contendere*, if any, should be excluded from testimony in this case. Rule 609 allows the use of a criminal conviction for impeachment purposes, if the conviction was punishable by imprisonment for more than one year. However, convictions after more than ten years have passed are not admissible, unless its probative value substantially outweighs prejudicial effect, and the proponent gives the adverse party written notice of the intend to use it so that the party has the opportunity to contest it. The court enjoys wide latitude in exercising its discretion in this area, see United States v. Abel, 469 U.S. 45, 54, 105 S.Ct. 465, 470, 83 L.Ed.2d 450 (1984). In this jurisdiction, there is a presumption against the use of criminal convictions older than ten years old. Such convictions are rarely permitted to be admitted, unless there are exceptional circumstances. *United States v. Pritchard,* 973 F.2d 905, 908 (11th Cir. 1992) ("the danger in admitting stale convictions is that their remoteness limits their probative value"). No exceptional circumstances are evident here. Plaintiffs' arrests, convictions, and pleas of *no lo contendere*, if any, are wholly unrelated to any claim or defense raised here. Any prior arrests, convictions, and pleas of *no lo contendere*, if any, would involve different facts and circumstances that are not probative of any fact or issue present in this instant case. Moreover, the admissibility of prior arrests, convictions, and pleas of *no lo contendere*, if any, into evidence is analyzed under Federal Rule of Evidence 404(b), which addresses impermissible character evidence in the form of past acts. *See Lanham v. Whitfield,* 805 F.2d 970, 972 (11th Cir. 1986) (upholding preclusion of prior litigation under Rule 404(b)); see also *Outley v. City of New York,* 837 F.2d 587, 592 (2d Cir. 1988); *McDonough v. City of Quincy*, 452 F.3d 8, 20 (1st Cir. 2006). Rule 404(b) specifically prohibits the introduction of past acts to prove the character of a person.