### D. Reference To Plaintiff Savinovich's Arrests, Convictions, And Pleas Of *No Lo Contendere*, If Any.

Any reference to Plaintiff Savinovich's arrests, convictions, and pleas of *no lo contendere*, if any, should be excluded from testimony in this case. Rule 609 allows the use of a criminal conviction for impeachment purposes, if the conviction was punishable by imprisonment for more than one year. However, convictions after more than ten years have passed are not admissible, unless its probative value substantially outweighs prejudicial effect, and the proponent gives the adverse party written notice of the intend to use it so that the party has the opportunity to contest it. The court enjoys wide latitude in exercising its discretion in this area, see *United States v. Abel*, 469 U.S. 45, 54, 105 S.Ct. 465, 470, 83 L.Ed.2d 450 (1984). In this jurisdiction, there is a presumption against the use of criminal convictions older than ten years old. Such convictions are rarely permitted to be admitted, unless there are exceptional circumstances. *United States v. Pritchard*, 973 F.2d 905, 908 (11th Cir. 1992) ("the danger in admitting stale convictions is that their remoteness limits their probative value"). No exceptional circumstances are evident here. Plaintiffs' arrests, convictions, and pleas of *no lo contendere*, if any, are wholly unrelated to any claim or defense raised here. Any prior arrests, convictions, and pleas of *no lo contendere*, if any, would involve different facts and circumstances that are not probative of any fact or issue present in this instant case. Moreover, the admissibility of prior arrests, convictions, and pleas of *no lo contendere*, if any, into evidence is analyzed under Federal Rule of Evidence 404(b), which addresses impermissible character evidence in the form of past acts. *See Lanham v. Whitfield*, 805 F.2d 970, 972 (11th Cir. 1986) (upholding preclusion of prior litigation under Rule 404(b)); see also *Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988); *McDonough v. City of Quincy*, 452 F.3d 8, 20 (1st Cir. 2006). Rule 404(b) specifically prohibits the introduction of past acts to prove the character of a person.