UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  1:16-CV-20027 MGC

FLOR ANDREA RODRIGUEZ ASALDE, et al.
and all others similarly situated under 29 U.S.C.
216(b),

    Plaintiff,

vs.

FIRST CLASS PARKING SYSTEMS LLC
a/k/a 1ST CLASS VALET SERVICE,
SEBASTIAN LOPEZ, JORGE ZULUAGA,

    Defendants.

_____/

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF COST JUDGMENT AGAINST DEFENDANTS, JOINTLY AND SEVERALLY [D.E. #77]

    Defendants, FIRST CLASS PARKING SYSTEMS LLC, SEBASTIAN LOPEZ and JORGE ZULUAGA ("Defendants"), by and through undersigned counsel, hereby file their Response in Opposition to Plaintiffs' *Motion For Entry of Cost Judgment Against Defendants, Jointly and Severally* ("Motion") [D.E. #77], and in support thereof state:

### RELEVANT PROCEDURAL HISTORY

    1.    This case was brought by Plaintiffs alleging violations of, *inter alia*, the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"). [D.E. #1].

    2.    On September 29, 2016, the Court entered summary judgment in favor of Defendants. [D.E. #57].

    3.    On August 3, 2018, the Eleventh Circuit Court of Appeals reversed the Court's grant of summary judgment and remanded the case to the District Court. [D.E. #74].

1

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

4. On October 10, 2018, the Eleventh Circuit Court of Appeals awarded Plaintiffs $920.00 in costs and a Bill of Costs for that amount was issued by the Clerk of the Eleventh Circuit Court of Appeals. [D.E. #68 & 74].

5. On October 11, 2018, the Court entered an Endorsed Order setting the case for trial during the Court's two-week trial period beginning Tuesday, January 22, 2019. [D.E. #71].

6. On December 3, 2018, Plaintiff's filed the instant Motion seeking a judgment for the $920.00 in costs awarded by the Eleventh Circuit Court of Appeals. [D.E. #77].

## ARGUMENT AND MEMORANDUM OF LAW

Plaintiffs request relief under Appellate Rule 39(e) or Fed.R.Civ.P. 54(b). As Appellate Rule 39(e) provides no mechanism for entry of a judgment, it is not applicable to the instant Motion. Although Plaintiffs argue that, "Appellate Rule 39(e) permits a district court to enter a **judgment** for appellate costs that have been set and awarded by an appellate court mandate[,]" (Motion, p.2)(emphasis added), the cited Rule only provides that the District Court may enter a bill of costs – not a judgment. The case cited by Plaintiffs does not support their position. *See Trotta v. Lighthouse Point Land Co., LLC*, 07-80269-CIV, 2009 WL 2973234, at *1 (S.D. Fla. Sept. 11, 2009).

Fed.R.Civ.P. 54(b) provides:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, **the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay**. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

(emphasis added).

Here, trial is scheduled for January 2019. [D.E. #71]. None of the claims have been adjudicated, and therefore entry of a judgment would be premature at this juncture. *See e.g, In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005) ("The most practical resolution of

2

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

this dilemma is for the district court to hold in abeyance its award of costs to [defendant] until [plaintiffs'] claims have been resolved. At that point, the district court will be able to determine whether [plaintiffs] should be named in the order awarding costs to [defendant].")

Notably, Plaintiffs have failed to provide any reason why they believe that the Court should expressly determine "that there is no just reason for delay."

On the contrary, Defendants believe that the Court should maintain the status quo pending the conclusion of this case. There is the possibility that Defendants again prevail before this Court and that Plaintiffs will again appeal such decision. If Defendants prevail at the appellate stage, Defendants will be entitled to a cost award against Plaintiffs which will necessarily be an offset to the current cost award of $920.00 to Plaintiffs.

Moreover, there is a distinct possibility that Plaintiffs will be unable to pay a potential cost award to Defendants due to Plaintiffs' financial situation. In order to avoid such an inequitable result, it is respectfully submitted that the most prudent course of action would be for the Court to defer ruling on the instant Motion until resolution of this case and the entry of final judgment. Further, given that the amount of the costs awarded is relatively small in relation to the case generally, Plaintiffs will suffer no prejudice if the Court defers ruling on the instant Motion.

Defendants note that the Court similarly deferred entering costs in favor of Defendants after they were awarded summary judgment stating:

> …The full amount of the costs requested shall be awarded, on a joint and several basis. **The Court, however, will stay enforcement of the Order and not Recommend entry of Judgment on the costs requested pending the appeal of the Final Judgment in this case**, which appeal centers on jurisdictional issues that present colorable disputed issues of law that the Court of Appeals shall review. Given the nature of the action and the limited amount of costs involved, the Court will defer entry of final disposition of the costs motion until the mandate issues.

[D.E. #66](emphasis added).

For the reasons set forth herein, Defendants believe that it would be premature to enter a cost judgment at this time.[1]

---

[1] Plaintiffs' request that the Court order Defendants to pay the outstanding Bill of Costs should be denied for these reasons as well.

3

WHEREFORE, Defendants respectfully request that the Court deny the instant Motion in its entirety, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted December 4, 2018,

   /s/  Lowell J. Kuvin
Fla. Bar No.:53072
lowell@kuvinlaw.com
Law Office of Lowell J. Kuvin
17 East Flagler St. Suite 223
Miami Florida 33131
Tele:   305.358.6800
Fax:    305.358.6808
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all counsel of record in this action.

Rivkah Jaff, Esq.
J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM; Rivkah.Jaff@gmail.com

   /s/  Lowell J. Kuvin
Lowell J. Kuvin

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808