UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20027-Civ-COOKE/TORRES

FLOR ANDREA RODRIGUEZ ASALDE, *et al.*,

    Plaintiffs,

vs.

FIRST CLASS PARKING SYSTEMS LLC
a/k/a 1ST CLASS VALET SERVICE, *et al.*,

    Defendants.

_____/

## ORDER

This matter comes before me on the opinion and mandate of the United States Court of Appeals for the Eleventh Circuit (ECF No. 74) and the parties' Joint Status Report (ECF No. 76). After reviewing the record, the relevant legal authorities, and the arguments raised by the parties, the Court **ORDERS and ADJUDGES** as follows:

1. As Plaintiffs have not filed a motion to re-open discovery on the limited issue of FLSA coverage and subject matter jurisdiction, the Court deems this argument waived and concludes that discovery remains **CLOSED**.

2. The Court **DENIES** Defendants' Motion to Strike Supplemental Affidavit of Javier Antonio Savinovich (ECF No. 48) for two reasons:

   a. *First*, Plaintiffs filed the Supplemental Affidavit just 37 days after the close of discovery. Though late, the Supplemental Affidavit did not arrive late enough to significantly prejudice Defendants. And any prejudice is outweighed by the probative value of the ticket, especially as it relates to the critical issue of subject-matter jurisdiction.

   b. *Second*, the Eleventh Circuit already rejected Defendants' evidentiary objections to the Supplemental Affidavit and the Court concurs with that determination.

3. The Court **GRANTS** *in part* Defendants' Amended Motion for Summary Judgment (ECF No. 35) as follows:

    a. Defendants' argument that Plaintiffs have not carried their burden to show they worked without overtime compensation fails. Because Defendants have failed to keep adequate time records, the parties may rely on testimony to evidence the number of overtime hours worked. *See Bautista Hernandez v. Tadala's Nursery, Inc.*, 34 F. Supp. 3d 1229, 1242 (S.D. Fla. 2014). The parties, unsurprisingly, offer competing testimony on this point. The Court cannot weigh the credibility of competing testimony at the summary judgment stage. *See Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1162 (11th Cir. 2012). So the Court finds a genuine dispute of material fact exists as to the number of overtime hours worked by Plaintiffs.

    b. Defendants contend Zuluaga and Lopez were not Employers within the meaning of the FLSA. The Court disagrees. An individual can fall within the FLSA's definition of employer if the individual is a corporate officer who was "involved in the day-to-day operation or [had] some direct responsibility for the supervision of the employee." *Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986). Where a corporate officer has "operational control of significant aspects of the corporation's day-to-day functions," personal liability may attach. *Id*. Here, the record shows that Zuluaga and Lopez—as owners and operators of First Class Parking Systems—are corporate officers who exercised control over: 1) the financial decisions of the company; 2) the day-to day operations of the company;I c and 3) the work schedule of its employees. *See, e.g.*, Lopez Dep. 14:3-21:7, ECF No. 44-4; *see also* Zuluaga Dep. 18:3-19:23, ECF No. 44-5. Given the undisputed facts, the Court finds Lopez and Zuluaga are both employers for purposes of the FLSA.

4. To the extent the Joint Status Report seeks permission to resubmit dispositive motions, the Court **DENIES** this request.

5. The Court amends the pretrial deadlines set in the Order Reopening Case (ECF No. 71) as follows:

    a. The Parties will submit final proposed jury instructions, verdict form, trial witness list, and proposed *voir dire* questions by **February 22, 2019**.

  b.  Calendar Call will occur on Wednesday, **February 27, 2019 at 3:00 p.m.** at the Federal Courthouse, Courtroom 11-2, 400 North Miami Avenue, Miami, Florida before Judge Marcia G. Cooke.

  c.  The two-week trial period will begin on Monday, **March 4, 2019 at 9:30 a.m.** at the same location.

**DONE and ORDERED** in chambers, at Miami, Florida, this 11th day of January 2019.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*