UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-20027-CIV-MGC

FLOR ANDREA RODRIGUEZ ASALDE,   )
JOHN CONDE, JAVIER ANTONIO      )
CABRERA SAVINOVICH, BRANDON     )
ANTHONY GOMEZ, and all others similarly )
situated under 29 U.S.C. 216(b),   )
                                )
            Plaintiff,          )
    vs.                         )
                                )
FIRST CLASS PARKING SYSTEMS LLC )
a/k/a 1ST CLASS VALET SERVICE,  )
SEBASTIAN LOPEZ,                )
JORGE ZULUAGA,                  )
                                )
            Defendants.         )
_____ )

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION [DE85] FOR
RECONSIDERATION OF ORDER [DE84] ON DEFENDANTS' AMENDED MOTION
FOR SUMMARY JUDGMENT**

COME NOW the Plaintiffs, by and through the undersigned, pursuant to the Federal

Rules of Civil Procedure and hereby respond in Opposition to Defendants' Motion for

Reconsideration of Order [DE84] on Defendants' Amended Motion for Summary Judgment,

filed by Defendants as [DE85], and in support thereof state as follows:

1. Defendants move for reconsideration of the Court's Order [DE84] contending that

   Defendants were not given notice required by Fed. R. Civ. P. 56(f) and entered judgment

   in favor of the non-movant. [DE85].

2. Defendants have failed to state the Federal Rule of Procedure under which they are

   traveling for this Court to reconsider its Order [DE84] wherein the Court found that **given**

   **the undisputed facts**, the individual Defendants, Lopez and Zuluaga, are both Plaintiffs'

"employers" for the purposes of the FLSA. [emphasis added]. It is unknown whether

Defendants seek reconsideration under Federal Rules of Civil Procedure 59 or 60 and, if

so, which subsection of either rule. Said failure to cite the rule would support their

position is contrary to, and in violation of, Southern District Local Rule 7.1 (a)(1) which

states in part: "Every motion when filed shall include or be accompanied by a

memorandum of law citing supporting authorities." Further, it is well-settled that

reconsideration "is an extraordinary remedy to be employed sparingly." *Bautista v.

Cruise Ships Catering & Service Int'l, N.V.*, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2004)

(citation omitted). Thus, Defendants' Motion [DE85] should be denied in its entirety.

3.  Notwithstanding the reasons set forth above, Defendants' Motion [DE85] should be

denied in its entirety for substantive reasons as set forth *infra*.

4.  Though, generally, district courts are required to give formal notice of their intent to issue

a *sua sponte* decision on summary judgment, **the courts have made clear that "where a

legal issue has been fully developed, and the evidentiary records is complete,

summary judgment is entirely appropriate even if no formal notice has been

provided."** *Artistic Entm't, Inc. v. City of Warner Robins,* 331 F.3d 1196, 1202 (11th Cir.

2003); *See also Burton v. City of Belle Glade,* 178 F.3d 1175, 1203-1204 (11th Cir.

1999); *Addison Ins. Co. v. 4000 Island Boulevard Condo. Ass'n, Inc.,* 263 F. Supp. 3d

1266, 1275 (S.D. Fla. 2016), *aff'd.*, 721 Fed. Appx. 847 (11th Cir. 2017((emphasis

added).

5.  While Plaintiffs did not move for summary judgment on any issues, the legal issue of

whether the individual Defendants are FLSA "employers" was fully developed, the

discovery deadline had passed,[1] the evidentiary record was complete,[2] and summary

judgment was entirely appropriate even if no formal notice was provided by the Court.

Therefore, Defendants' Motion [DE85] should be denied in its entirety.

## MEMORANDUM OF LAW

> The Eleventh Circuit Court of Appeals has described a motion for reconsideration as falling within the ambit of either Federal Rule of Civil Procedure Rule 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure Rule 60(b) (motion for relief from judgment). *Region 8 Forest Serv. Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 n. 5 (11th Cir.1993). Under either rule, the decision to grant a motion for reconsideration is committed to the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion. *Id.* at 806.

*Davidson v. Orange Lake Country Club, Inc.,* 2008 U.S. Dist. LEXIS 15704 (M.D. Fla. Feb. 29,

2008). As above-mentioned, Defendants have failed to state the Federal Rule of Procedure under

which they are traveling for this Court to reconsider its Order [DE84] wherein the Court found

that **given the undisputed facts**, the individual Defendants, Lopez and Zuluaga, are both

Plaintiffs' "employers" for the purposes of the FLSA. [emphasis added]. It is unknown whether

Defendants seek reconsideration under Federal Rules of Civil Procedure 59 or 60 and, if so,

which subsection of either rule. Said failure to cite the rule would support their position is

---

[1] The deadline to complete fact discovery was 6/20/16. [DE13]. Defendants' Motion for Summary Judgment [DE30] was filed on 6/20/16. Thereafter, Defendants' Amended Motion for Summary Judgment [DE35] was filed on 6/29/16. As such, Defendants' moved for summary judgment after discovery had ended.

[2] Subsequent to the close of fact discovery and prior to the Court's entry of its Order [DE84], the record included the following: an Affidavit of Plaintiff Savinovich [DE44-1]; Affidavit of Plaintiff Asalde [DE44-2]; Interrogatory Responses of Plaintiff Conde [DE44-3]; Deposition Transcript Excerpts of Defendant Lopez [DE44-4]; Deposition Transcript Excerpts of Defendant Zuluaga [DE44-5]; Supplemental Affidavit of Plaintiff Savinovich [DE47-1 & 2]; Deposition of Defendant Lopez [DE51-2]; Interrogatory Responses of Plaintiff Savinovich [DE51-4]; Deposition Transcript Excerpts of Plaintiff Conde [DE29-2]; Deposition Transcript Excerpts of Plaintiff Savinovich [DE29-3]; Deposition Transcript Excerpts of Plaintiff Asalde [DE29-4]; Certification of Defendant Zuluaga [DE29-5]; and Certification of Defendant Lopez [DE29-6].

contrary to, and in violation of, Southern District Local Rule 7.1 (a)(1) which states in part: "Every motion when filed shall include or be accompanied by a memorandum of law citing supporting authorities." Thus, Defendants' Motion [DE85] should be denied in its entirety.

It is well-settled that reconsideration "is an extraordinary remedy to be employed sparingly." *Bautista v. Cruise Ships Catering & Service Int'l, N.V.*, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2004) (citation omitted). The law is clear that a Court must deny a motion for reconsideration unless the movant shows one of three grounds namely: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lewis v. Michaels Stores, Inc., 2007 U.S. Dist. LEXIS 82700 (M.D. Fla. Nov. 7, 2007* (citations omitted). A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made. *Z.K. Marine Inc. v. M/V Archigetis,* 808 F. Supp. 1561, 1563 (S.D. Fla. 1992); *See also, Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (citing *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)); *Bulgakova*, 2010 U.S. Dist. LEXIS 39231 at *12 (a motion for reconsideration is not a "vehicle to reiterate arguments previously made"). Parties cannot raise new arguments that were "previously available, but not pressed." *Id.* (citing *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998)).

Defendants have provided no basis under the above three-grounds for the Court to reconsider its ruling in [DE84]. Defendants do not contend that there is intervening change in controlling law or that the availability of new evidence should cause this Court to reconsider its order. Rather Defendants contend that this Court's ruling should be reconsidered in order to correct clear error or prevent manifest injustice. However, no error or manifest injustice has occurred.

Though, generally, district courts are required to give formal notice of their intent to issue a *sua sponte* decision on summary judgment, **the courts have made clear that "where a legal issue has been fully developed, and the evidentiary records is complete, summary judgment is entirely appropriate even if no formal notice has been provided."** *Artistic Entm't, Inc. v. City of Warner Robins,* 331 F.3d 1196, 1202 (11th Cir. 2003); *See also Burton v. City of Belle Glade,* 178 F.3d 1175, 1203-1204 (11th Cir. 1999); *Addison Ins. Co. v. 4000 Island Boulevard Condo. Ass'n, Inc.,* 263 F. Supp. 3d 1266, 1275 (S.D. Fla. 2016), *aff'd.*, 721 Fed. Appx. 847 (11th Cir. 2017((emphasis added).

Defendants have failed to demonstrate any clear error or manifest injustice by the Court's Order [DE84]. On the contrary, based on the case law cited to in Defendants' own Motion [DE85], it is entirely appropriate for the Court to enter summary judgment **even if no formal notice has been provided** where a legal issue has been fully developed and the evidentiary record is complete, as the Court appropriately ruled in the case at bar. The deadline to complete fact discovery was 6/20/16. [DE13]. Defendants' Motion for Summary Judgment [DE30] was filed on 6/20/16. Thereafter, Defendants' Amended Motion for Summary Judgment [DE35] was filed on 6/29/16. Defendants' moved for summary judgment after discovery had ended. Defendants moved for final summary judgment [DE35 & 36] asking the Court, among other relief, to find as a matter of law that the individual Defendants, Lopez and Zuluaga, were not Plaintiffs' "employers" as defined by the Act. Defendant was the moving party and, after Plaintiffs responded in opposition tos ame, Defendants filed their Reply and had the opportunity to address the points raised in Plaintiffs' Response. Now, Defendants attempt to raise new arguments (i.e. "Supplemental Certifications", etc.) which could have been raised in Defendants initial motion and reply brief. Defendants offer no reason as to why Defendants did not offer said

evidence in Defendants initial motion and reply brief and therefore, Defendants Motion for

Reconsideration should be denied. In this case, adequate notice was given to Defendants as there

was sufficient opportunity to respond both in its initial filing of their Motion and in their Reply

brief. The issue on which the Court entered its Rule [DE84] was the subject of multiple briefs

which included several attachments (i.e. affidavits, certifications, deposition transcripts,

interrogatory responses, request for production responses, etc.). *See, Addison Ins. Co. v. 4000*

*Island Boulevard Condo. Ass'n, Inc.,* 263 F. Supp. 3d 1266, 1275–76 (S.D. Fla. 2016), *aff'd,* 721

F. App'x 847 (11th Cir. 2017). The issue was framed within Defendants' summary judgment

motion and which Defendants had an opportunity to respond to the substantive arguments made

by Plaintiffs in their Response in Opposition through Defendants' Reply. In light of this well-

developed record, the Court appropriately entered summary judgment in favor of Plaintiffs on

the issue of whether the individual Defendants were Plaintiffs' "employers" as a matter of law

under the FLSA. "…This matter falls within the exception articulated by *Burton* and its progeny,

where *sua sponte* summary judgment is appropriate on a fully-briefed legal issue and a complete

evidentiary record. *See*, *e.g., Artistic Entm't, Inc.*, 331 F.3d at 1201–1202; *Burton,* 178 F.3d at

1203–1204." *See, Addison Ins. Co. v. 4000 Island Boulevard Condo. Ass'n, Inc.,* 263 F. Supp. 3d

1266, 1276 (S.D. Fla. 2016), *aff'd,* 721 F. App'x 847 (11th Cir. 2017); *See also, Everest Stables,*

*Inc. v. Rambicure,* No. 315CV00576GNSCHL, 2018 WL 2725020, at *11 (W.D. Ky. June 6,

2018).

As set forth in Plaintiffs' Response in Opposition [DE43, 47], the term "employer" ought

be interpreted more broadly under the Act than common law for remedial purposes.  *See, e.g.,*

*Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2nd Cir. 1999); *Dole v. Elliott Travel &*

*Tours, Inc.,* 942 F.2d 962, 965 (6th Cir. 1991), *citing McLaughlin v. Seafood, Inc.*, 867 F.2d 875,

877 (5th Cir. 1989); *Donovan v. Agnew*, 712 F.2d 1509, 1510 (1st Cir. 1983); *Falk v. Brennan*, 414 U.S. 190, 195 (1973).[3] Further, multiple employers may be responsible for compliance with the FLSA within one business organization.  *See*, *Elliott Travel & Tours, Inc.,* 942 F.2d at 965; *Agnew*, 712 F.2d at 1510. "[B]oth the employing corporation and the individual responsible for operation thereof may be employers for purposes of the FLSA."  *Figueroa v. America's Custom Brokers, Inc.,* 48 F.Supp.2d 1372, 1377 (S.D. Fla. 1999), *citing Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986).  In the Eleventh Circuit, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel*, 803 F.2d at 637-38, *quoting Agnew*, 712 F.2d at 1511. Financial control over a corporation is a significant factor in determining "employer" status.  *See, Elliot Travel & Tours*, 942 F.2d 966 (6th Cir. 1991); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984)(imposing FLSA liability on a "top man" who guided corporate policies and controlled "purse strings"); *Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190, 193-95 (5th Cir. 1983)(liability for controlling finances and dominating the administration); *Dole v. Simpson*, 784 F.Supp. 538, 545-47 (S.D. Ind. 1991).  Liability may also be found even if control is restricted or exercised only occasionally as such does not diminish the significance of the existence of such control. *Herman*, 172 F.3d at 139, *quoting*, *Donovan v. Janitorial Servs, Inc.,* 672 F.2d 528, 531 (5th Cir. 1982).  *See also*, *Olivas v. A Little Havana Check Cash, Inc.*, 324 Fed. Appx. 839, 846 (11th Cir. Fla. 2009), and *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1310 (11th Cir. 2013).

---

[3] Plaintiffs incorporate by reference, as if incorporated herein, any and all arguments, authority, and attachments, set forth in Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment, Statement of Material Facts, and all related filings.

Both individual Defendants had ownership interest in the Defendant Corporation for the relevant years. Lopez Depo. Trans. P.14, L.3-14; Zuluaga Depo. Trans. P.19, L.12-14. Defendant Lopez is the Director of Operations of the Corporate Defendant. [DE36, ¶65]. Lopez handles the day-to-day operations of the Defendant Corporation such as contract negotiations. [DE36, ¶68] *See also* Lopez Depo. Trans. P.16, L.9-11. Lopez goes to the office once or twice a week in relation to the operations part of Defendants' business. Lopez Depo. Trans. P.20, L.13-14. Defendant Zuluaga is the President of the Corporate Defendant. [DE36, ¶73]. Defendant Lopez and Defendant Zuluaga have similar roles concerning operational issues in the company. Zuluaga Depo. Trans. P.18, L.3-10. Defendant Zuluaga, as operation manager, would to the office on a regular basis and was overseeing the day-to-day operations of the company, along with Defendant Lopez. Zuluaga Depo. Trans. P.19, L.5-11; P.19, L.19. Lopez would determine a week ahead what the work schedule would be. Zuluaga Depo. Trans. P.22, L.9-11. Defendants exhibited the requisite operational control to be considered individual FLSA employers as a matter of law. Both individual Defendants determined the pay rate regarding the valet parkers/runners. Lopez Depo. Trans. P.18, L.1-P.19,L.1; Zuluaga Depo. Trans. P.20, L.2-5. Both Defendants have been involved in the overseeing of the business and ensuring it is operating correctly. Lopez Depo. Trans. P.21, L.1-11. Under the law set forth *supra,* both Defendants were Plaintiffs' individual FLSA employers.

Liability may also be found even if control is restricted or exercised only occasionally as such does not diminish the significance of the existence of such control. *Herman*, 172 F.3d at 139, *quoting*, *Donovan v. Janitorial Servs, Inc.,* 672 F.2d 528, 531 (5th Cir. 1982). *See also*, *Olivas v. A Little Havana Check Cash, Inc*., 324 Fed. Appx. 839, 846 (11th Cir. Fla. 2009), and *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1310 (11th Cir. 2013). Both

Defendants control over Plaintiffs was <u>not</u> merely occasional or restricted (which would still be sufficient, even if it was occasionally restricted). *See also* Plaintiff Asalde Aff. ¶¶ 58-66. Conde stated that he went to apply for a position with Defendants, filled out an application, and Luis Guillermo Salazar spoke to the owners, Sebsatian Lopez and "Don Jorge" (Jorge Zuluaga), and thereafter Conde was hired. *See* [DE29, P.20, L.5-12]. Such facts, including with respect to ownership and operational control, demonstrate that the individual Defendants, together, were Plaintiffs' FLSA employer as a matter of law. Such facts further show the role the individual Defendants directly played in relation to Plaintiffs' employment and the control exercised over same.

The word "employer" is defined broadly enough in the Fair Labor Standards Act (of which the Equal Pay Act is an amendment) to permit naming another employee rather than the employer as defendant, provided the defendant had supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation. See 29 U.S.C. § 203(d) (employer within the meaning of the Act includes "any person acting directly or indirectly in the interest of an employer in relation to an employee"); Patel v. Wargo, 803 F.2d 632, 637-38 (11th Cir. 1986); Koster v. Chase Manhattan Bank, 554 F. Supp. 285, 290 (S.D.N.Y. 1983); *Riordan v. Kempiners, 831 F.2d 690, 694 (7th Cir. Ill. 1987).* Defendants Lopez and Zuluaga were the ones who were authorized to sign checks for the relevant time period. Lopez Depo. Trans. P.13, L.19-P.14, L.1; Zuluaga Depo. Trans. P.19, L.24-P.20, L.1. Both individual Defendants have been the persons that have had the most authority over the financial business decisions of the Corporate Defendant. Lopez Depo. Trans. P.16, L.13-22; P.17, L.22-25. Defendants had direct financial involvement in Plaintiffs' employment and controlled the finances of Defendants' business.

Therefore, under the law set forth *supra,* both of the individual Defendants Plaintiffs' individual FLSA employers.

It is clear, Plaintiffs, in responding [DE43, 47] to Defendants' Amended Motion [DE35], established, with respect to ownership, financial involvement, and the requisite operational control exhibited by the individual Defendants, that individual Defendants, Lopez and Zuluaga, were Plaintiffs' FLSA "employers" as a matter of law. *See,* [DE84]("*See, e.g.*, Lopez Dep. 14:3-21:7, ECF No. 44-4; *see also* Zuluaga Dep. 18:3-19:23, ECF No. 44-5. Given the undisputed facts, the Court finds Lopez and Zuluaga are both employers for purposes of the FLSA.").

While Plaintiffs did not move for summary judgment on any issues, the legal issue of whether the individual Defendants are FLSA "employers" was fully developed, the discovery deadline had passed, and the evidentiary record was complete. Subsequent to the close of fact discovery and prior to the Court's entry of its Order [DE84], the record included the following: an Affidavit of Plaintiff Savinovich [DE44-1]; Affidavit of Plaintiff Asalde [DE44-2]; Interrogatory Responses of Plaintiff Conde [DE44-3]; Deposition Transcript Excerpts of Defendant Lopez [DE44-4]; Deposition Transcript Excerpts of Defendant Zuluaga [DE44-5]; Supplemental Affidavit of Plaintiff Savinovich [DE47-1 & 2]; Deposition of Defendant Lopez [DE51-2]; Interrogatory Responses of Plaintiff Savinovich [DE51-4]; Deposition Transcript Excerpts of Plaintiff Conde [DE29-2]; Deposition Transcript Excerpts of Plaintiff Savinovich [DE29-3]; Deposition Transcript Excerpts of Plaintiff Asalde [DE29-4]; Certification of Defendant Zuluaga [DE29-5]; and Certification of Defendant Lopez [DE29-6]. Additionally, all the authority cited to in Defendants' Motion [DE85] was available to them at the time of their filing their Amended Motion for Summary Judgment [DE35] and their Reply [DE49]. As such, summary judgment was entirely appropriate even if no formal notice was provided by the Court

and, therefore, Defendants' Motion [DE85] should be denied in its entirety and this Court should award Plaintiffs' counsel fees in relation to having to file the instant Response in Opposition and all related work.

Defendants attempt to recycle arguments already made to the Court and argue to the Court that if the Court does not grant Defendants "a second-bite at the apple" then they will be "severely prejudiced"; this is specious at best! Incredulously, Defendants completely gloss over the fact that they were the moving party who sought a dispositive ruling from the Court on the issue of whether the individual Defendants were Plaintiffs' "employers" as that term is defined by the Act. Local Rule 56.1(a), states that the statement of material facts shall "[b]e supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits..."  The Court even provided Defendants with a second opportunity to amend their Statement of Material Facts as it was initially not in compliance with Local Rule 56.1(a). *See,* [DE34]. Defendants had every opportunity to present to the Court their position and, had they believed the "evidentiary record" was not complete, they had every opportunity to supply the Court with supporting pleadings, depositions, answers to interrogatories, admissions, and affidavits, for its consideration. There is absolutely no excuse and/or valid reason as to why Defendants did not file the individual Defendants' "Supplemental Certifications" [DE85-3] and [DE85-4] and/or the entire depositions of same [DE85-1] and [DE85-2] if this is something they believed was prudent for the Court to consider in rendering a determination on their dispositive motion. Interestingly, Defendants did not file the attachments [DE85-1]-[DE85-4] on or before the deadline to file dispositive Motions and/or in its Reply to same. Defendants are essentially seeking for the Court to reconsider its ruling in [DE84] and take into consideration information that was not previously made part of the "evidentiary record", through no fault of Plaintiffs but

rather a direct result of Defendants' calculated decision, and which at this point in the litigation are <u>untimely</u>. It is noteworthy to mention, Defendants did not seek leave of Court to file "supplemental" certifications and/or deposition testimony and/or a motion for the Court to find said filings as timely *nunc pro tunc*. Defendants seek for the Court to rule on dispositive issues based on untimely filings and in violation of the Court's Scheduling Order. Further, the Court should consider this type of litigation tactics as egregious considering Defendants filing of [DE48 & 51].

WHEREFORE AS DEFENDANTS DO NOT MEET THE REQUIREMENTS FOR RECONSIDERATION AND FOR OTHER REASONS AS SET FORTH HEREIN, PLAINTIFFS RESPECTFULLY REQUEST THE COURT DENY DEFENDANTS MOTION FOR RECONSIDERATION OF ORDER [D.E. #84] ON DEFENDANTS' AMENDED MOTION FOR SUMMARY JUDGMENT, FILED BY DEFENDANTS AS [DE85], IN IT ITS ENTIRETY AND AWARD PLAINTIFFS' COUNSEL FEES IN RELATION TO HAVING TO FILE THE INSTANT RESPONSE IN OPPOSITION AND ALL RELATED WORK. ALTERNATIVELY, SHOULD THE COURT GRANT DEFENDANTS' MOTION FOR RECONSIDERATION [DE85], OVER PLAINTIFFS' OBJECTIONS, PLAINTIFFS RESPECTFULLY REQUEST FOURTEEN (14) DAYS FROM THE COURT'S ORDER FOR PLAINTIFFS TO SUBMIT FURTHER EVIDENCE (TO COMPLETE THE "EVIDENTIARY RECORD") FOR THE COURT TO CONSIDER PRIOR TO REVERSING AND/OR VACATING ITS ORDER ON THE ISSUE OF WHETHER THE INDIVIDUAL DEFENDANTS ARE "EMPLOYERS" AS A MATTER OF LAW AS DEFINED BY THE FLSA PER [DE84] (I.E. PLEADINGS, DEPOSITIONS, ANSWERS TO INTERROGATORIES, ADMISSIONS, AFFIDAVITS, ETC.).

Respectfully submitted,

J. H. ZIDELL, P.A.
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
    Rivkah F. Jaff, Esquire
    Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING
WAS PROVIDED VIA CM/ECF 1/28/19 TO:**

**LOWELL J. KUVIN, ESQ.
LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET, SUITE 223
PH: 305.358.6800
FAX: 305.358.6808
MIAMI, FLORIDA 33131
EMAIL: LOWELL@KUVINLAW.COM**

**BY:__/s/____Rivkah F. Jaff_____
    RIVKAH F. JAFF, ESQ.**