# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 16-20027-Civ-COOKE/TORRES

FLOR ANDREA RODRIGUEZ ASALDE, *et al.*,

    Plaintiffs,

v.

FIRST CLASS PARKING SYSTEMS, LLC, a/k/a 1ST CLASS VALET SERVICE, *et al.*,

    Defendants.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER comes before me on Defendants' Motion for Reconsideration of Order On Defendants' Amended Motion for Summary Judgment (ECF No. 85). Defendants ask that I reconsider my January 11, 2019 Order finding that Defendants Jorge Zuluaga and Sebastian Lopez were employers within the meaning of the FLSA.

Three grounds justify reconsideration of an earlier order under Rule 59(e): "1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357–58 (S.D. Fla. 2004). A motion for reconsideration is not a tool for relitigating what a court has already decided. *See Reyher v. Equitable Life Assurance Soc'y*, 900 F. Supp. 428, 430 (M.D. Fla.1995). Rather, the motion "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id*. Reconsideration of a previous order is "an extraordinary remedy, to be employed sparingly." *Williams*, 320 F. Supp. 2d at 1358 (internal quotation marks omitted).

Similarly, Rule 60(b) allows for reconsideration upon grounds of mistake, fraud, inadvertence, misconduct, newly discovered evidence, or if the judgment is void. Fed. R. Civ. P. 60(b); *see also Am. Bankers Ins. Co. of Fla. v. Northwest Nat. Ins. Co.,* 183 F. 3d 1332, 1338 n.4 (11th Cir. 1999). Rule 60(b) also contains a "catch-all" provision allowing reconsideration for

"any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A district court has broad discretion in ruling upon a motion for reconsideration under Rule 60(b), and should balance the need for substantial justice against the sanctity of final judgments. *Griffin v. Swim–Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). As with Rule 59, a Rule 60 Motion for Reconsideration "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (internal quotation marks omitted).

After careful review of Defendants' arguments, I find no basis under either Rule 59(e) or Rule 60(b) for reconsideration of my January 11 Order.[1] Accordingly, the Court **DENIES** Defendants' Motion for Reconsideration of Order On Defendants' Amended Motion for Summary Judgment (ECF No. 85).

**DONE and ORDERED** in chambers at Miami, Florida, this 26th day of February 2019.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*

---

[1] Admittedly, the Court did not provide formal notice of its intent to grant summary judgment in Plaintiffs' favor despite Plaintiffs not moving for summary judgment. However, "where a legal issue has been developed, and the evidentiary record is complete, summary judgment is entirely appropriate even if no formal notice has been provided." *Artistic Entm't, Inc. v. City of Warner Robins*, 331 F.3d 1196, 1202 (11th Cir. 2003). Given that discovery in this case closed here in June 2016, the evidentiary record is undoubtedly complete. Moreover, the parties fully briefed the issue of Zuluaga and Lopez's individually liability. *See, e.g.*, Defendants' Motion for Summary Judgment at 19, ECF No. 35; *see also* Plaintiffs' Response in Opposition to Defendants' Amended Motion for Final Summary Judgment at 17, ECF No. 43. So the Court need not provide formal notice that it would decide this developed legal issue.