UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20027-Civ-COOKE/TORRES

FLOR ANDREA RODRIGUEZ ASALDE
*et al.* and all others similarly situated under
29 U.S.C. 216(b),

       Plaintiffs,

v.

FIRST CLASS PARKING SYSTEMS LLC a/k/a
1ST CLASS VALET SERVICE, SEBASTIAN LOPEZ
and JORGE ZULUAGA,

       Defendants.
_____/

# REPORT AND RECOMMENDATION
# ON PLAINTIFFS' MOTION FOR ENTRY OF COST AWARD

This matter is before the Court on Flor Andrew Rodriguez Asalde, John Conde, Javier Antonio Cabrera Savinovich, Brandon Anthony Gomez ("Plaintiffs") motion for entry of a cost award against First Class Parking Systems LLC, Sebastian Lopez, and Jorge Zuluaga ("Defendants"). [D.E. 77]. Defendants responded to Plaintiff's motion on December 4, 2018 [D.E. 78] to which Plaintiffs replied on December 6, 2018. [D.E. 78]. Therefore, Plaintiffs' motion is now ripe for disposition. After careful review of the motion, response, reply, relevant authorities, and for the reasons discussed below, Plaintiffs' motion should be **GRANTED**.

1

## I. ANALYSIS

Plaintiffs filed this action on January 5, 2016 [D.E. 1] alleging violations of the Fair Labor Standards Act. The Court entered summary judgment in favor of Defendants on September 29, 2016 [D.E. 57] and Plaintiffs appealed that decision on October 26, 2016. [D.E. 58]. On August 3, 2018, the Eleventh Circuit reversed the Court's entry of summary judgment and remanded the case. [D.E. 74]. The Eleventh Circuit also awarded Plaintiffs $920 in taxable costs on October 10, 2018. [D.E. 68]. These costs included a $500 docketing fee and commercial reproduction expenses for Plaintiffs' brief, appendix, and reply brief priced at $0.25 per page as permitted under the fee schedule pursuant to 28 U.S.C. § 1913.

Plaintiffs argue that they are entitled to $920 pursuant to Appellate Rule 39(e) because it permits a district court to enter a cost award pursuant to a mandate. Defendants oppose Plaintiffs' motion because none of the underlying claims have been adjudicated and the entry of a cost award would be premature at this juncture. Defendants also argue that the Court should maintain the status quo pending the conclusion of this case because Defendants may prevail at the appellate level (at a later date) and be entitled to a cost award against Plaintiffs that may offset the current award of $920. Therefore, to avoid an inequitable result, Defendants recommend that the Court defer ruling on the cost award until after the entry of final judgment.

Federal Rule of Appellate Procedure 39 governs the award of costs incurred upon appeal. Specifically, Rule 39(a) prescribes who will be charged with costs (unless otherwise ordered):

> (1) if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;
> (2) if a judgment is affirmed, costs are taxed against the appellant;
> (3) if a judgment is reversed, costs are taxed against the appellee;
> (4) if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders.

Fed. R. App. P. 39(a).

Here, Plaintiffs request $920 in costs and Defendants oppose that award because (1) the underlying claims have not been adjudicated, (2) the award would be premature, and (3) the status quo should be preserved in case Defendants are victorious on appeal at a later date and offset the current cost award. None of Defendants' arguments are persuasive because the costs are unrelated to the disposition of Plaintiffs' claims in this case. Instead, the costs are attributed to Plaintiffs' successful appeal of the Court's Order on summary judgment and Defendants' obligation to compensate Plaintiffs for docketing fees and reproduction costs.

Defendants are certainly correct that a time *may* come when they prevail on appeal and be entitled to their own cost award. But, Defendants rely on nothing more than speculation that this may ever occur. Defendants are also concerned that Plaintiffs may be unable to satisfy a later cost award if Defendants prevail on the merits. Yet, again, Defendants are sidestepping Plaintiffs' entitlement to costs at this time with the mere possibility that Defendants will be successful on the

3

merits of Plaintiffs' claims. Weakening Defendants' hand even further is the lack of authority in their response and the miniscule amount of the award itself. Therefore, Plaintiff's motion for a $920 cost award should be **GRANTED**.

## *II. CONCLUSION*

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiffs' motion for costs be **GRANTED** and that Plaintiff be entitled to a cost award of $920 bearing interest at the relevant statutory rate.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 14th day of March, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge